940 So.2d 209 (2006)
John C. JENNISKENS, Glenn Rau Jenniskens, and Elizabeth Connick, Scott Walker and Michelle Hebert Walker
v.
PARISH OF JEFFERSON.
No. 06-CA-252.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2006.
Rehearing Denied November 3, 2006.
*211 J. Patrick Connick, Law Office of J. Patrick Connick, L.L.C., Metairie, Louisiana, for Plaintiffs/Appellees.
Timothy D. Valenti, Crystal Heine, Assistant Parish Attorneys, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
This case concerns a Petition for Injunction filed by plaintiffs, multiple owners of three contiguous lots (3A1, 1A1, and 1B1A) at the northwest corner of Barataria Boulevard and Warwick Drive in Marrero, Louisiana. Plaintiffs sought a zoning change for the properties in question from single family residential to GO-2, general office. Two lots front Barataria, while the third lot, which fronts Warwick Drive, lies directly behind the Barataria lots. The three lots together form a roughly rectangular parcel. The rezoning request encompassed the three lots as a unit. After a lengthy application process, the Parish Planning Advisory Board recommended the rezoning, but the Parish Council denied the request.
Plaintiffs thereafter filed this suit, asserting that the Parish Council's denial of the zoning change was arbitrary and capricious, and requested that the trial court grant an injunction and order the Parish, through its governing body, the Parish Council, to grant the zoning change. Following a hearing and the production of evidence, the trial court agreed and granted the Petition for Injunction, including detailed Reasons for Judgment. The Parish of Jefferson appeals. The Appellees answered the appeal. For the following reasons, we reverse the judgment of the trial court, finding that the Council's denial of the rezoning request was not arbitrary and capricious.
On appeal, the Parish of Jefferson argues that the Council's denial of the zoning change was not arbitrary and capricious, but was based upon consideration of the health, safety, and welfare of the neighborhood. They argue seven Assignments of Error, which are enumerated as follows:
1. Did the Jefferson Parish Council Consider the Health, Safety and Welfare and general welfare of the public while exercising its police power in denying the rezoning of the appellees' property?

*212 2. The trial court erred in giving undue weight to evidence of the most economically feasible use of the land;
3. The trial court failed to consider the opinions and input of the surrounding neighborhood;
4. The trial court erred in considering the 300 year old oak tree to be an issue in the rezoning of the appellee's property;
5. The trial court erred in allowing Mr. Hebert's testimony concerning the zoning map;
6. Trial court erred in allowing testimony regarding the Envision 2020 maps;
7. The trial court erred in denying the Parish's Motion for New Trial.
The Appellees, argue, in their answer, that the trial court erred in ordering that the 300 year-old live oak be preserved, and seek clarification on this issue.
STANDARD OF REVIEW
The petitioner bears the heavy burden of proving that the action taken by the Parish Council in denying a request in zoning change was arbitrary and capricious. The question is, was the action taken by the Council reasonable under the circumstances; that is, was the action taken by the Parish Council without reason. Jemison v. City of Kenner, 277 So.2d 728 (La.App. 4 Cir.1973).
As this Court recently stated in Monte v. Parish of Jefferson ex rel. Coulon, 04-1059 (La.App. 5 Cir. 2/15/05), 898 So.2d 506:
The presumption of validity attached to zoning ordinances is a well established principle of law in Louisiana. It applies to all zoning ordinances, including piecemeal and spot zonings. Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482 (La.1990). In Palermo, the Supreme Court explained:
A challenge to a zoning decision in Louisiana is a de novo proceeding in which the issue is whether the result of the legislation is arbitrary and capricious, and therefore a taking of property without due process of law. Whether an ordinance bears the requisite relationship to the health, safety and welfare of the public is a factual question which must be determined from the evidence in the record. If it appears appropriate and well founded concerns for the public could have been the motivation for the zoning ordinance, it will be upheld.

Id. 561 So.2d at 492
The Supreme Court explained in Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672, (La.1974):
The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function. State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (1923); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613 (1921)[1929]; Meyers v. City of Baton Rouge, 185 So.2d 278 (La. App. 1st Cir.1966); Smith v. City of Baton Rouge, 233 So.2d 569 (La.App. 1st Cir.1970). Courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. However, the exercise of a police power in zoning cannot be made without substantial relation to the health, safety and general welfare of the public. City of Shreveport v. Conrad, 212 La. 737, 33 So.2d 503 (1947); City of Shreveport v. Bayse, 166 La. 689, 117 So. 775 (1928). All ordinances are presumed valid; whoever attacks the constitutionality of an *213 ordinance bears the burden of proving his allegation. City of New Orleans v. Beck, 139 La. 595, 71 So. 883 (1916); Ward v. Leche, 189 La. 113, 179 So. 52 (1938). However, rezoning on a piecemeal or spot basis is highly suspect. Generally, property owners may rely upon the previous exercise of police power in zoning, expecting that changes in zoning will only be made so as to affect vested property interests when the change is required to assure the public welfare. A city purporting to act under its police powers cannot create in a large area of property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate classification. 51 A.L.R.2d 311, Reynolds v. Barrett (1938), 12 Cal.2d 244, 83 P.2d 29.
A challenge to a zoning decision in Louisiana is not an appeal from a decision of a lower tribunal wherein the reviewing court scrutinizes the record below to test the accuracy of the decision; rather, it is a de novo proceeding that tests whether the result of the legislation is arbitrary and therefore a taking of property without due process of law. Hernandez v. City of Lafayette, 399 So.2d 1179 (La.App. 3 Cir. 1981).
On appellate review, the court's inquiry is limited to the reasonableness of the council's decision to deny the requested rezoning; it does not consider whether the district court manifestly erred in its findings. King v. Caddo Parish Com'n, 97-1873 (La.1998), 719 So.2d 410; Maynard Batture Venture v. Parish of Jefferson, 00-1669 (La.App. 5 Cir. 4/11/01), 786 So.2d 757, writ denied XXXX-XXXX (La.6/29/01), 794 So.2d 815. As the council did not have the prerogative to consider alternative proposals not presented to it, such alternative proposals are not before the reviewing court. Maynard Batture Venture, supra.
In its first Assignment of Error, the Parish of Jefferson concedes that the trial court was correct in finding that the two lots that front Barataria were shown to be no longer suitable for residential use, but argues the trial court was wrong about the lot fronting Warwick, and thus this could have been a basis for the Council's denial of the rezoning request.[1] We agree.
As the Parish notes in brief, the only evidence regarding the health, safety, and welfare of the Warwick property was the testimony of the owner, Mr. Scott Walker. The Parish argues that the only reason Walker felt that the property was unsuited to residential use was the fact that cars would illegally "cut through" the common driveway shared by his property and the Barataria properties in order to access Warwick drive, yet he never called the police to report this illegal activity. Walker never testified about vibrations, traffic, noise, or fumes, which other testimony showed negatively affected the Barataria properties.
The evidence further shows that Mr. Steve Villavaso, plaintiff's expert witness in urban planning, testified that the three parcels together were a "dream site" from the perspective of planning, and that the Warwick residential properties would be protected from further commercial intrusion by the stipulation that there be no curb cuts on Warwick and the proposed fence along Warwick, but that the same *214 protections would be afforded the neighborhood if the Warwick property was excluded from the project. Evidence was also adduced, in the form of opinion testimony from Mr. Ed Durabb, the Parish's Director of Planning, and Mr. Villavaso, that the two Barataria properties could be commercially developed without inclusion of the Warwick property, although it would necessarily be smaller in scale and possibly with less economic return to the owners. The Parish of Jefferson strongly argues that the Parish Council considered these exact points in its denial of the rezoning request.
The trial court noted that the plaintiffs participated in a detailed application process before various Parish agencies, all of whom recommended the rezoning. The court further noted that during trial, the plaintiffs' expert, Mr. Villavaso, a Parish employee, Mr. Durabb, and an appointee to the Planning Advisory Board, Mr. Hebert, all testified that the failure of the Council to follow the recommendations in this particular case to grant the rezoning change was arbitrary and capricious; and further, the Parish presented no expert witness at trial to contradict these witnesses. Evidence was also presented, the trial court noted, that all other requests for rezoning lots facing Barataria in this vicinity, from residential to commercial or general office, made in a recently significant time period, had all been granted except for this one. The trial court found that Council's denial of the rezoning has resulted in these plaintiffs being treated differently than the others whose rezoning requests have been granted, and has resulted in "reverse spot zoning."[2]
The trial court found that the character of this section of Barataria Boulevard had already changed from residential to commercial, and that this property is the "last domino" to fall in change that has already occurred. We agree with the court's assessment of the evidence as it pertained to the lots facing Barataria. The evidence clearly shows that for the last twenty or so years, the Barataria corridor has steadily changed from residential to commercial uses. The Parish, in brief, has conceded that the lots that face Barataria should be rezoned GO-2, and that a denial of a rezoning request encompassing only these lots would be arbitrary and capricious, and would constitute reverse spot zoning.
However, the same conditions do not apply to the Warwick lot. There was no evidence presented that rezoning requests from residential to general office or commercial have been granted for lots that do not front Barataria. As pointed out above, there was also lack of evidence suggesting that the Warwick lot was unsuitable for residential use. These factors, combined with the opinions of nearby residents, which are discussed below in a separate Assignment of Error, show that the Council's denial of the whole rezoning request had a basis in the health, safety, and welfare of the neighborhood, and thus, was not arbitrary and capricious. It appears that the inclusion of the Warwick lot in this rezoning request was in the nature of a compromise to allow commercial development of the Barataria lots while allowing the 300 year old live oak tree to be preserved. There was also testimony that including the Warwick lot in the development created a commercial intrusion into the residential area, albeit one that would *215 be minimized with the required buffering landscaping, C.P.Z. overlay, fence, and no curb cut access directly to Warwick Drive. While this Court agrees that preservation of this tree is desirable, it does not follow that this consideration requires the inclusion of the Warwick lot in the rezoning. Whether to rezone the Warwick Drive lot is a discretionary act that the Parish Council is authorized to make upon considering the effect of the rezoning on the health, safety, and welfare of the Parish.
In light of the evidence concerning the Warwick lot, we find that the result of the Council's denial of the rezoning request was not arbitrary and capricious, and that the trial court's judgment must be reversed.
In its second Assignment of Error, the Parish argues that the trial court, in reversing the Council, improperly considered the most economically feasible use of the property. While the most economically advantageous use of the plaintiff's property would likely be a commercial use, it does not follow that refusal of the Council to rezone the land is arbitrary and capricious. Castle Investors, Inc. v. Jefferson Parish Council, 472 So.2d 152 (La.App. 5 Cir.1985). Evidence presented to the council and trial court, through the opinion testimonies of Mr. Durabb and Mr. Villavaso, established that inclusion of the Warwick lot would allow a more economically advantageous office development, but that the two Barataria properties alone could support a smaller, but still economically viable office development. Clearly, in light of the factors discussed in the previous Assignment of Error, the Council's denial of the rezoning request was not arbitrary and capricious even though it did not allow the most economically advantageous use of the entire parcel (the three lots together).
In its third Assignment of Error, the Parish argues that the trial court did not take into consideration the opinions of the residents on Warwick Drive. The concerns and desires of the electorate are appropriate considerations in the decision making process on zoning. Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish, 561 So.2d 482 (La.1990). The opinion of the neighborhood associations and the other residents of the area must be given weight for determining the nature and character of the area. Lakeshore Harbor Condominium Development v. City of New Orleans, 603 So.2d 192, (La.App. 4 Cir.1992).
The trial court's reasons for ruling clearly show that she considered the fact that residents of the Warwick subdivision presented a signed Petition against the rezoning. The trial court discounted the weight of the Petition for a number of reasons. First, the Warwick neighborhood lies behind the properties in question, and behind an open lot that is already zoned for a high density apartment complex. There was also testimony from a neighbor, Mr. Duthu, who signed the petition that the Warwick subdivision residents were told that the land would be used for a gas station or convenience store, a fact that was untrue. He testified that he was comfortable with the use of the land as actually proposed in the rezoning ordinance.[3] Further, the court noted that the petition presented a "blanket objection to any change." It did not explain the change the neighbors thought would occur, and it did not explain whether the neighbors knew what the proposed changes were. As such, the trial *216 court properly assigned little weight to the Petition.
However, at the hearing before the Council, several neighbors testified in opposition to the rezoning. The trial court did not mention this testimony in its reasons for ruling. At the council hearing where the testimony was offered, it was made clear that the rezoning request did not allow construction of a convenience store or gas station. The Parish notes in its brief that the opposition was very organized, to the point that the witnesses had their speeches timed. Mr. Aucoin, whose home is located right next to the Walker home on Warwick, testified that he opposed rezoning the Walker home, but did not oppose rezoning the Barataria-fronting lots. Other witnesses who were residents of Warwick Drive testified generally that their neighborhood consisted of well-kept, neat homes that sold fast when on the market. They thought an office space would decrease their property values, worsen traffic and drainage, and bring more strangers into their subdivision, which is a "closed" loop without a cut-through to other streets. They disagreed that GO-2 space would be a better transition between their neighborhood and Barataria Boulevard than the existing residential properties, and worried that the proposed zoning would destroy the quiet character of their neighborhood by deeper commercial intrusion. Another neighbor felt that the view of the proposed fence on Warwick would be unattractive to nearby homes on Warwick.[4]
The Council clearly considered more detailed and specific objections to the rezoning by area residents than were expressed alone in the signed Petition. The trial court erred in considering only the signed Petition as the expression of neighborhood opinion. This court acknowledges that zoning cannot be directed by "mob rule," and that great weight must be given the opinions of the professional planners employed by the Parish, however, zoning changes adverse to adjacent property are a proper factor to consider when reviewing the result of the Council's legislation.
Appellant next argues that preservation of the 300 year-old-oak tree on the Appellees' property should not be an issue in the rezoning of the property. The Parish argues here that the inclusion of the Warwick parcel in the rezoning request was largely a compromise to protect the oak tree, in addition to allowing a bigger development and one with lot depth to match lot 3A1. Both parties agree that there is no tree protection ordinance applicable to Marrero; no legal authority requires preservation of this tree.
This Court agrees that the desire to preserve the tree is a factor that the Parish Council could have considered in adopting or rejecting the rezoning request. The plaintiffs voluntarily agreed to protect the tree as a condition of the rezoning request. The inclusion of the Warwick lot allowed for an office development that would allow both sufficient parking and the preservation of the tree. Absent the owners' voluntary agreement to preserve the tree, without an applicable tree protection ordinance, the Parish could not require preservation of the tree as a condition for rezoning the Barataria lots. The Parish Council decided it was not in the best interests of its citizens to accept the owners' voluntary proposal regarding protection of the tree. If the owners request rezoning of only the Barataria lots, the *217 Parish has no current authority to protect the tree. The Parish Council was offered a compromise, which they had the discretion to accept or reject.
The Parish argues next that the trial court erred in allowing Mr. Tommy Hebert to testify regarding a zoning map that he could not identify. The record shows that Mr. Hebert, an appointee to the Parish Planning Board who testified for plaintiffs, did in fact state that he recognized the map of the Barataria corridor. This Assignment of Error is without merit.
The Parish next argues that the trial court incorrectly allowed testimony regarding the Envision 2020 maps, which are the Parish's future land use maps that were not effective until after the Council ruled upon the appellees' zoning request. The Parish argues also that the court erred in relying on the 2020 maps when the same were not yet effective when the Council ruled.
The trial court's Reasons for Judgment show that the court considered the 2020 maps because they were the product of a lengthy process to determine the parish's future land use needs. The court properly considered evidence of the corridor's current zoning composition, and also properly considered what the parish planners have determined are the future needs of the parish. The fact that the maps were not formally adopted at the time of the Council's ruling does not change the fact that they were evidence of the parish's professional planners' opinions of the parish's future land use needs, and were entitled to weight on that basis. The trial court did not err in considering these maps.
Last, the Parish argues that the trial court erred when it denied its Motion for New Trial. In this Assignment of Error, the Parish argues that the trial court's ruling exceeded its authority by ordering the property rezoned, citing Saltamachia v. Parish of Jefferson, 579 So.2d 1197 (La. App. 5 Cir.1991) and Monte v. The Parish of Jefferson, supra. This Assignment of Error has been mooted, however, by this Court's reversal of the trial court's judgment.
Appellees argue, in their answer to this appeal, that the trial court erred when it ordered them to preserve the live oak tree in its ruling. Given that we reverse the trial court, this Assignment of Error is moot. We note that that the trial court's formal ruling, signed on April 22, 2005, makes no mention of the oak tree. Appeals are taken from adverse judgments, not from opinions of the court; the trial court's Reasons for Judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and from which appeals are taken. LSA-C.C.P. arts.1917, 1918; Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22.[5]
Accordingly, for the reasons above, we find that the Parish Council's denial of this rezoning request, as presented to the Council, was not arbitrary and capricious, and hence we reverse the judgment of the trial court.
REVERSED.
NOTES
[1] The rezoning request was presented to the Council with the three properties combined as one development. Under Maynard Batture Venture, supra, the Council would not have the authority to consider rezoning the properties separately from each other, unless that option were formally presented to the Council.
[2] Generally, "spot zoning" is the singling out of a small parcel of land for use classification different from that of the surrounding area for the benefit of the owners of such property and to the detriment of others. Cook v. Metropolitan Shreveport Bd. of Appeals, 339 So.2d 1225 (La.App. 2 Cir.1976).
[3] It is noted that Mr. Duthu lived on Hazel Drive, which is the street in this subdivision furthest away from Barataria Boulevard.
[4] These latter comments appeared to be against the entire rezoning proposal, not merely the Warwick lot.
[5] This court notes, however, that had the rezoning ordinance presented to the Council been approved, the Appellees would have been legally bound to preserve the tree, since included therein was their specific agreement to do so.