FREDERICKA HOMBERG WICKER, Judge.
^Appellants, Janet and Randall Shaw, appeal the trial court’s judgment affirming the Jefferson Parish Council’s denial of their application to rezone property. For the following reasons, we affirm.
This matter arises out of the Jefferson Parish Council’s denial of appellants’ request for rezoning of their residential property at 745 Helios Avenue in Metairie and a commercial property at 1818 Veterans Blvd. Appellants’ business entity, RJS Investments, owns the property located at 1818 Veterans Blvd., which abuts the appellants’ Helios Avenue property. Appellants, through their designated applicant, Mr. Jeffrey Charlet, filed an application for a zoning change to both the Veterans Blvd. and Helios Avenue properties. The application requested a zoning change for the Veterans Blvd. lot from a commercial (C-2) zoning designation to a light commercial (C-l) zoning designation and for the Helios Avenue lot from a residential (R — 1) zoning designation to a light commercial (C-l) zoning designation. These zoning changes would allow the two lots to share the same zoning designation, which would subsequently permit appellants to consolidate and resubdivide the two lots into one, larger, commercial property. The purpose of |sthe rezoning application was to allow the Helios Avenue property to serve as additional parking for the business located at 1818 Veterans Blvd. The Helios Avenue property *1183 would be subject to Jefferson Parish’s Commercial - Parkway Overlay Zone (CPZ), subjecting the property to mandatory landscaping, beautification, and other requirements to buffer the commercial usage for residential neighbors. Upon consideration of petitioners’ application for rezoning, the Jefferson Parish Planning Department recommended approval of the application.
On July 24, 2014, the Planning Advisory Board conducted a meeting. At the meeting, correspondence submitted in opposition to the proposal was discussed on the record and the meeting was then open to the public. The applicant, Mr. Charlet, spoke in favor of the proposal. He asserted that the Helios Avenue lot is surrounded by C-2 zoned properties. He explained that the Helios Avenue lot shares a C-2 zoning boundary line with the lot behind it (which is the parking lot for a bank at the corner of Veterans and Bonnabel Blvds.) and with the Veterans lot at issue. He explained that the zoning change would not allow customers to access the proposed parking lot from Helios Avenue and that a 20 foot set-back of “green area” and landscaping would be present on Helios Avenue in front of the opaque fence proposed. Mr. Charlet further stated that Jefferson Parish would enforce the CPZ requirements of landscaping and green space and that, the owners, Mr. and Mrs. Shaw, agreed to execute a title restriction, through a land use covenant, that the Helios Avenue lot would only be used for parking purposes.
Another local business owner, who owns the property at 1904 Veterans Blvd., spoke in favor of the proposal, stating that parking for businesses on Veterans Blvd. is an issue and that many of their customers are forced to park on the nearby residential streets.
|4Various members of the Bonnabel Civic Association (“the Association”) spoke in opposition to the proposed zoning change to the Helios Avenue property. The Association also introduced into the record a petition, signed by nearby property owners, verifying those neighbors’ opposition to the zoning application. The Association representatives voiced their objection to the proposed zoning change, expressing concern of “commercial creep” into their residential neighborhood. Further, the representatives of the Association argued that, although Mr, Charlet asserted that petitioners would execute, a land use covenant restricting use of the Helios Avenue lot to. parking, petitioners have not done so and, further, that promise is not related to zoning and is unenforceable against future owners, of the Helios Avenue, property. The Association argued .that, after the zoning is changed, petitioners or future purchasers may use the Helios Avenue lot for any other approved C-l commercial purpose. ,,
Various other neighbors appeared at the hearing and spoke in opposition to the proposal. Those neighbors raised concerns' of public safety, indicating that crime may be more prevalent behind the fence on the Helios Avenue lot after business’ hours because persons could enter through Veterans Blvd undetected and would then not be visiblé tó Veterans Blvd. or Helios Avenue tráffic. Further, the residents argued that vehicles entering the parking lot through Veterans Blvd. would cause traffic and congestion on Veterans Blvd at Helios Avenue, making it more difficult for Helios Avenue residents exiting the neighborhood onto Veterans Blvd. Another resident mentioned concerns of street flooding on Helios Avenue, indicating that an entire lot of concrete necessarily increases rain water flowing into the street.
*1184 Following the meeting, the Planning Advisory Board recommended approval of the proposed zoning changes to the Jefferson Parish Council.
|fiOn August 27, 2014, the Jefferson Parish Council considered the application for rezoning at a public meéting. In support of the application, petitioners attached correspondence from the neighbor immediately adjacent to the Helios Avenue lot, who did not oppose the zoning change, as well as from the Jefferson Chamber, who supported the proposed rezoning request. At the Council meeting, Mr. Charlet spoke in favor of the proposed zoning change. The Vice-President of the B'onnabel Civic Association, and other members, appeared and spoke in opposition to the zoning change. The residents again pointed out the possible public safety and traffic concerns. Another Helios Avenue resident appeared at the hearing and voiced his opposition to the rezoning application, expressing concern of “commercial creep” and his desire to maintain the integrity of the quiet, residential neighborhood. The Helios Avenue resident discussed other, nearby residential streets off of Veterans Blvd., where commercial zoning has been permitted,-, and argued that the residential property values on those streets are declining. He further argued that, should the commercial creep off of Veterans Blvd. continue, Jefferson Parish residents may feel the need to move to St. Tammany Parish, where neighborhoods are intact and where a parking lot or commercial warehouse is not in a resident’s backyard.
After consideration, the Council denied the application for rezoning. Although Council member Cynthia Lee-Sheng acknowledged that petitioners made an effort to frame their proposal to. appease neighborhood. residents, utilizing the lot for parking and creating a fence and landscaping to make the lot appear more residential than commercial, she found that there was “overwhelming concern about the change of the zoning” from the nearby residents and concerns of “what would be happening behind the fence as far as law enforcement” after business hours.
|fiOn September 23, 2014, petitioners filed a “Petition for Writ of Certiorari” in the Twenty-Fourth Judicial District Court, seeking review of the Council’s decision. The trial court conducted a hearing on December 1, 2014, and took the matter under advisement. On December 17, 2014, the trial judge issued a judgment, denying petitioner’s request for reversal of the Council’s denial of their application for rezoning. In her written reasons for judgment, the trial judge found that the Council’s decision was related to the general welfare of the public and was not arbitrary or capricious. The court considered the opposing neighbors’ concerns about law enforcement safety following installation of a fence with no visibility from Veterans Blvd. or Helios Avenue, as well as their concerns of “commercial creep” intb their residential neighborhood. The court found that the Council had great discretion to consider the residents’' opposition and found that the Council’s- decision was reasonable and sufficiently related to the general welfare of parish residents. Petitioners appeal the trial court’s judgment affirming the Council’s denial of their request for rezoning.

Law and Analysis

. In a zoning dispute, the petitioner bears the heavy burden of proving that the action taken by the Parish Council in denying an application for a zoning change was arbitrary and capricious. The question is, was the action taken by the Council reasonable under the circumstances; that is, was the action taken by the Parish Council without reason. Jenniskens v. Parish of Jefferson, 06-252 (La.App. 5 Cir. *1185 10/17/06), 940 So.2d 209, 212. The authority to enact zoning regulations flows from the police power of each governmental body. Palermo Land Co., Inc. v. Planning Com’n of Calcasieu Parish, 561 So.2d 482, 492 (La.1990). Therefore, a prima facie presumption of validity attaches to zoning board actions. Parish of Jefferson v. Davis, 97-1200 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 433, unit denied, 98-2634 (La.12/11/98), 730 So.2d 460.
A challenge tó a zoning decision in Louisiana is not an appeal from a decision of a lower tribunal wherein the reviewing court scrutinizes the record below to test the accuracy of the decision; rather, it is a de novo proceeding that tests whether the decision is arbitrary and therefore a taking of property without due process of law. A reviewing court cannot substitute its own judgment or interfere absent a showing by the appellant that the zoning decision was arbitrary and capricious or that the Council abused its discretion. On appellate review, the court’s inquiry is limited to the reasonableness of the council’s decision to deny the requested rezoning; it does not consider whether the district court manifestly erred in its findings. Jenniskens, supra; Palermo, supra; see also King v. Caddo Parish Com’n, 97-1873 (La.1998), 719 So.2d 410; Maynard Batture Venture v. Parish of Jefferson, 00-1669 (La.App. 5 Cir. 4/11/01), 786 So.2d 757, unit denied, 01-1386 (La.6/29/01), 794 So.2d 815.
In this case, several neighbors testified in opposition to the proposed zoning change. Councilmembers Cynthia Lee-Sheng and Elton Lagasse met with various neighbors, who expressed objection to the zoning change, to discuss the effects of the application for rezoning. The record reflects that the Bonnabel Civic Association opposed the application for rezoning and submitted a petition, with approximately 50 signatures, in opposition to the application. The neighboring residents asserted that the zoning change, as to the Helios Avenue lot, would create potential traffic and public safety concerns. Additionally, the residents urged the Council to deny the zoning application, arguing that the commercial intrusion onto Helios Avenue would decrease their property values and destroy the character of their established neighborhood.
|sThe concerns and desires of the electorate are appropriate considerations in the decision making process on zoning. Jenniskens, 940 So.2d at 215. The opinion of the neighborhood associations and other residents of the area must be given weight for determining the nature and character of thé area. Id.
Considering the entirety of the record and the great deference given to the Council in zoning decisions, we find the trial court was correct in its findings that the Council’s denial of petitioners’ application for rezoning was rationally related to the general welfare of the Parish and was not arbitrary and capricious. Accordingly, we affirm the trial court judgment.

AFFIRMED