CHAISSON, J.
*624 TTC Properties, Inc. ("TTC") appeals a January 31, 2017 judgment of the trial court affirming the Jefferson Parish Council's motions to deny TTC's applications to rezone its properties and denying TTC's Petition for Writ of Certiorari of the Decision of Jefferson Parish Council Concerning Rezoning Application.
FACTS AND PROCEDURAL HISTORY
On July 7, 2017, TTC filed a Petition for Writ of Certiorari of Decision of Jefferson Parish Council Concerning Rezoning Application. At issue are the following three parcels of immovable property owned by TTC located in the Woodmere Subdivision of Jefferson Parish:
• Lot 47, Square A, Woodmere Subdivision; bearing municipal address 2616 Destrehan Avenue, Harvey, Louisiana;
• Lot 3, Square A, Woodmere Subdivision; bearing municipal address 3709 Long Leaf Lane, Harvey, Louisiana; and
• Lot 5, Square A, Woodmere Subdivision; bearing municipal address 3717 Long Leaf Lane, Harvey, Louisiana.
TTC purchased the properties at 3709 and 3717 Long Leaf Lane on September 26, 1991. At that time, both of those parcels, and the property at 2616 Destrehan Avenue, were zoned R-3, a classification which permitted four-family residential structures like the ones existing on all three parcels. Following a 1994 Parish Planning Department study for the purpose of formulating a master plan to ensure more compatible land uses with existing single family development, the Parish rezoned the entire neighborhood (including all three of TTC's parcels) to R-1A, which resulted in legally non-conforming uses for the four-plex structures located on all three parcels. On April 23, 2003, TTC purchased the property at 2616 Destrehan Avenue. Sometime around 2006, the four-plexes became vacant and remained vacant long enough for the termination of their legally non-conforming uses pursuant to the Comprehensive Zoning Ordinance.[1]
On September 25, 2013, TTC filed applications for zoning changes for all three properties with the Jefferson Parish Planning Department in order to change the zoning classification for the properties from single-family residential R-1A to multifamily residential R-3, which was necessary in order to effect repairs to the damaged structures. After concluding that there had been no substantial change in the area since the 1994 area study that would support rezoning to R-3 Multi-Family Residential or a future land use change to High Density Residential, the Planning Department recommended to the Parish Council that the applications for rezoning be denied. Public hearings on the rezoning applications were held before the Planning Advisory Board ("PAB"), during which the property owner spoke in favor of his rezoning applications. The PAB recommended that all three applications be denied. On December 11, 2013, the Parish Council voted unanimously to deny TTC's applications for rezoning of the three properties.
TTC sought judicial review of the Parish Council's decisions to deny its rezoning applications by filing a Petition for Writ of Certiorari in the 24th Judicial District Court, wherein it argued that the Parish Council had acted arbitrarily and capriciously *625 in denying TTC's applications for rezoning because similar applications in the neighborhood had been granted. TTC further argued that the Parish Council's actions were in retaliation for TTC having prevailed in other judicial proceedings concerning the property at 2616 Destrehan Avenue.[2]
On November 2, 2016, the matter was heard in a one-day bench trial. After taking the matter under advisement, on January 31, 2017, the trial court issued judgment affirming the Parish Council's motions to deny TTC's applications to rezone its properties and denying TTC's Petition for Writ of Certiorari of the Parish Council's Decision. In its reasons for judgment, the trial court found that the Parish Council did not arbitrarily and capriciously deny TTC's applications.
On appeal, TTC raises the following assignments of error:
1) The Parish Council's denial of TTC's application was arbitrary and capricious;
2) The Parish Council's decision does not promote public health, safety, or general welfare;
3) The Parish Council's decision is essentially an impermissible reverse spot zoning that lacks any rational basis;
4) The Planning Department failed to comply with the planning procedure, thereby preventing the Parish Council from receiving all necessary information to consider for its decision.
We address these assignments of error in our discussion below.
DISCUSSION
Our discussion begins with TTC's third assignment of error, that the denial of the rezoning applications creates impermissible "reverse spot zoning" for these three parcels. This Court has previously stated, "[a] city [or parish] purporting to act under its police powers cannot create in a large area of property zoned in one classification an island of one parcel of land relegated to another zoning classification when no rational reason exists for such a separate distinction." Jenniskens v. Par. of Jefferson , 06-252 (La. App. 5 Cir. 10/17/06), 940 So.2d 209 (citing Four States Realty Co., Inc. v. City of Baton Rouge , 309 So.2d 659, 672 (La. 1974) ). All parties acknowledge that the Woodmere neighborhood where the parcels are located has been zoned R-1A since 1994, and that the parcels themselves are currently zoned R-1A. The Parish Council's decision to deny the requests to rezone the parcels from R-1A to R3 is not "reverse spot zoning." To the contrary, a decision by the Parish Council to approve TTC's applications to rezone these three parcels R-3, while the neighboring parcels remain R1-A, would constitute impermissible spot zoning unless a rational basis for such a distinction could be shown. We therefore disagree with TTC's contention that denial of its rezoning applications creates impermissible "reverse spot zoning."
We next look to the applicable standard of review, which is established by this Court's recent decision in Shaw v. Jefferson Par. , 15-453 (La. App. 5 Cir. 2/24/16), 186 So.3d 1181, 1184-85, wherein this Court stated:
The authority to enact zoning regulations flows from the police power of each governmental body. Therefore, a prima facie presumption of validity attaches to zoning board actions ... In a zoning dispute, the petitioner bears the heavy burden of proving that the action taken *626 by the Parish Council in denying the application for a zoning change was arbitrary and capricious. On appellate review, the court's inquiry is limited to the reasonableness of the Council's decision to deny the request for rezoning; it does not consider whether the district court manifestly erred in its findings. (Citations omitted)
TTC argues that the Parish Council acted arbitrarily and capriciously because, between 2009 and 2012, it had approved four similar applications to rezone four-plex units in the same neighborhood from R-1A single family to R3 multifamily. Like the rezoning applications submitted by TTC, these prior four applications were reviewed by the Parish Planning Department, which produced Zoning/Land Use Reports that recommended that the Parish Council deny the applications. Dr. Teresa Wilkinson, the Planning Director for Jefferson Parish, testified as to the technical basis for the recommended denials, including the difference in density between R1-A and R-3, as well as lot area per family and the viability of single-family homes in the area. She further testified that there was no technical difference between the prior four applications and TTC's applications. TTC also points out additional similarities between the prior four applications and its applications, including that there was no public opposition noted at the public hearings on any of the applications.
While there are many similarities between the prior four applications, which were approved by the Parish Council, and TTC's applications, which were denied, there is however, a significant distinction: the PAB recommended approval of the prior four applications, but recommended denial of TTC's applications.
The PAB is a seven member advisory board empowered under the Parish Charter to review all land use issues that affect the present and future use of land in the unincorporated areas of Jefferson Parish. A Member of the board must be a resident, a property owner, and a qualified voter in the Parish of Jefferson who has been appointed by the Jefferson Parish Council. The PAB's primary function is to provide public input on zoning matters including land designation, land division/consolidation, and regulations. To that end, the PAB holds public meetings on zoning applications before making recommendations to the Parish Council.
Mr. Thomas Scrubbs, the appointed member of the PAB representing the district and Woodmere neighborhood where TTC's parcels are located, testified at the trial of this matter. He was the appointed representative at the time TTC's applications for rezoning were heard. He testified that he was familiar with the Woodmere Subdivision and that he attended meetings of the neighborhood association. At those meetings he heard residents of the neighborhood express concern about four-plexes in the area that weren't being kept up and concerns about the escalation in crime.[3] Based on this public sentiment, Mr. Scrubbs recommended to the Parish Council that TTC's applications be denied.
While there is very little evidence in the record of the Parish Council's reasoning behind denying TTC's applications, the evidence presented does show that it received the recommendations of both the Planning Department and the PAB that TTC's applications be denied. We agree with the trial court that, in light of the *627 evidence presented, the Parish Council acted reasonably in denying TTC's rezoning applications, and that TTC has been unable to overcome the presumption that the Parish Council's zoning decisions regarding these three properties are reasonably related to the health, welfare, and safety of the public.
Regarding TTC's fourth assignment of error, that the Zoning/Land Use Reports submitted to the Council for TTC's rezoning requests were deficient because they lacked written findings that TTC's applications are inconsistent with the Comprehensive Plan (findings that were included in the Zoning/Land Use Reports for the prior four rezoning applications that were approved), we find this assignment of error lacks merit. The Zoning/Land Use Reports contained a thorough, technical analysis of each rezoning request as well as an ultimate recommendation of action based on that analysis, which was more than sufficient information on which the Parish Council could base its decisions to deny the requests.
CONCLUSION
Having found that the Parish Council's decisions to deny TTC's applications for rezoning of these three properties were not arbitrary and capricious, we affirm the judgment of the trial court.
AFFIRMED

It's unclear from the record exactly when the buildings on each of the properties became vacant. Appellants claim it was sometime in 2011 or 2012. Neither party disputes that the properties were vacant for at least a year, or long enough for their legally non-conforming uses to terminate.

See TTC Props. v. Par. of Jefferson , 14-2 (La. App. 5 Cir. 5/21/14), 142 So.3d 176.

Mr. Todd Cantrall, a former New Orleans resident and the co-owner of TTC, testified that it was an increase in crime and vandalism which caused him to board up the properties.