THE CUNY FAMILY, LLC

VERSUS

THE PARISH OF JEFFERSON

NO. 19-CA-269

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 774-896, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


December 26, 2019


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.


**<u>AFFIRMED</u>**
    **SJW**
    **HJL**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
THE CUNY FAMILY, LLC
Robert G. Harvey, Sr.
Donald C. Douglas, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
THE PARISH OF JEFFERSON
Loren C. Marino

**WINDHORST, J.**

Appellant, The Cuny Family, LLC, appeals the January 23, 2019 judgment in favor of The Parish of Jefferson, affirming the Jefferson Parish Council's ("the Council") decision to deny appellant's application to rezone property.[1] For the reasons stated herein, we affirm.

**FACTS AND PROCEDURAL HISTORY**

This appeal concerns the Council's denial of appellant's request for rezoning of its property located at 808 Bonnabel Boulevard ("Bonnabel property") in Metairie, Louisiana, from R2 family residential to C1 neighborhood commercial/ZPZ. Appellant owns the property located at 1805 Veterans Memorial Boulevard where a Taco Bell is currently located. The Taco Bell is hindered with limited parking and is in need of additional space for this and other purposes. Appellant acquired the adjacent Bonnabel property, and filed an application to rezone the Bonnabel property from R2 to C1, seeking to provide additional parking and queuing for the Taco Bell. Upon consideration of appellant's application for rezoning, the Jefferson Parish Planning Department ("the Planning Department") recommended approval of the application.

On May 25, 2017, the Planning Advisory Board ("the PAB") conducted a public hearing. At the hearing, one person spoke in favor of and eight people spoke in opposition to the application for rezoning. The PAB voted to defer the matter until the next public hearing. At the hearing on June 29, 2017, one person spoke in favor of and nine people spoke in opposition to the application.

Brian Cuny testified on behalf of appellant, and argued that the application should be granted for the following reasons: (1) appellant has assured the next door

---

[1] On October 4, 2019, this Court found that the January 23, 2019 judgment was not a final judgment and ordered the trial court to amend the January 23, 2019 judgment to include the appropriate and necessary decretal language. On October 8, 2019, the trial court amended the judgment.

19-CA-269                                            1

neighbor that the lighting, noise, and beautification of the area would be to his satisfaction; (2) traffic flow will be improved for the neighborhood; (3) elimination of employee parking in the neighborhood; (4) improve safety by eliminating drive-through backup on Veterans Memorial Boulevard and Bonnabel Boulevard; (5) changing zoning will protect the neighborhood from future unwanted commercial business, such as bars; (6) if rezoning is granted, appellant will grant an easement to the Parish; (7) increase in sales and property tax to the Parish; (8) if rezoning is granted, the addition of the Bonnabel property to the Taco Bell will make the depth of the property from Veterans the same as that of Walgreens, which is across Bonnabel Boulevard; (9) the Planning Department recommended approval; and (10) neighbors, family, and friends requested appellant to make these improvements to the property. Mr. Cuny stated that the rezoning would allow for 12-14 additional parking spaces and 10-12 more spaces in drive-through queue.

Several neighbors, including the president of the Bonnabel Civic Association ("the Association"), opposed the application for rezoning for the following stated reasons: (1) a petition was obtained with over 100 signatures from the neighborhood opposing the application; (2) the neighborhood has consistently opposed commercial encroachment, and the Council has denied similar requests for rezoning; (3) granting the rezoning will encourage other businesses to reapply for rezoning requests which were previously denied by the PAB or Council; (4) granting the application would affect the quality of life of the neighborhood due to increased noise, traffic, and litter; (5) late hours of the Taco Bell; (6) 3:00 A.M. garbage pickup at Taco Bell; (7) opposition to commercial encroachment in their "backyard;" (8) unwanted removal of two old trees on the property; and (9) neighbors want to maintain the quiet, family residential nature of the area.

In rebuttal, Bonnabel Boulevard resident and counsel for appellant, Robert Harvey, spoke on behalf of appellant, arguing that the neighbors who signed the

petition circulated by the opponents were not truthfully told the facts regarding the rezoning. He testified that granting the application would increase revenue for the Parish and beautify the area. Mr. Cuny showed a video of the U-turn directly in front of the property and its dangers. He testified that allowing the rezoning for additional parking and queuing would remove vehicles from the street. He further argued that no resident should have the U-turn in front of their house. Following the hearing, a motion was made to deny the application for rezoning. The PAB recommended denial of appellant's application for rezoning.

The matter was heard before the Council on July 12, 2017. Raymond Landry, Mr. Cuny, and Mr. Harvey spoke on behalf of appellant arguing the same reasons in favor of rezoning that were previously addressed at the PAB hearing. Mr. Cuny presented photographs and a video to the Council. Three neighbors, including the president of the Association, spoke in opposition to appellant's application for rezoning, arguing the same reasons as previously provided at the PAB hearing. After hearing proponents in favor of and against the rezoning, Councilwoman Jennifer Van Vrancken acknowledged that both sides made valid, compelling points. She further stated that she was aware that the U-turn was a problem in that area and the Parish was looking into the situation. Thereafter, however, Councilwoman Van Vrancken moved for denial of the application and the Council denied appellant's application for rezoning.

Appellant appealed the Council's denial of its application for rezoning to the Twenty-fourth Judicial District Court. After a hearing on November 30, 2017, the trial court remanded the matter to give appellant an opportunity to educate the Association, to which it previously was not able to present its case, and to admit further evidence before the Council, if necessary.

On May 24, 2018, appellant again appeared before the PAB again seeking approval of its application for rezoning. One party spoke in favor of, and nine individuals spoke against rezoning.

Mr. Harvey, on behalf of appellant, stated that he retained experts to conduct studies on noise, traffic and real estate in attempt to alleviate the concerns expressed by the opponents. He stated that all of the experts approved the rezoning. When questioned as to where the reports were, Mr. Harvey stated that due to the hurricane, he was not able to get the reports from his experts and requested that he be entitled to submit the reports at a later date. He stated the same reasons previously stated to the PAB and the Council as to why the application should be granted.

The nine neighbors who spoke against appellant's application for rezoning made the same arguments previously made before the PAB and the Council. The president of the Association was not able to attend and submitted a letter in opposition stating that the Association opposed "any" rezoning in the area. The opponents emphasized that they did not want commercial encroachment in their quiet family residential neighborhood and that the rezoning would increase noise, traffic, and litter. They pointed out that the trial court remanded the matter over five months ago and the appellant has still not produced any alleged expert reports. It was argued that granting the rezoning would only increase problems, including noise and traffic because the Taco Bell is open Monday, Tuesday, Wednesday, and Sunday from 7:00 A.M. to 4:00 A.M. and on Thursday, Friday, and Saturday from 7:00 A.M. to 5:00 A.M., essentially open 24 hours. Several individuals mentioned that the additional parking and queuing will not help with the traffic congestion in that area or change the U-turn situation in front of the property. At the conclusion of the hearing, the PAB again recommended denial of the application for rezoning.

On August 29, 2018, the matter was again heard before the Council. Mr. Harvey spoke on behalf of appellant in favor of rezoning. Mr. Harvey made the

same arguments previously made before the PAB and the Council, and submitted expert reports regarding noise, traffic, and real estate that were in favor of rezoning. He argued that the Planning Department's approval of the rezoning is presumptively valid and thus, the application should be approved by the Council. He spoke about the dangerous U-turn in front of the property and how there is a no parking sign in front of the property. Mr. Harvey asserted that by placing the no parking sign in front of the property, the Parish *de facto* made the property commercial instead of residential. He further asserted that even the trial court did not understand why the rezoning was not approved by the PAB.

Three individuals spoke in opposition to the application for rezoning, including the president of the Association. The neighbors reasserted vehemently that rezoning would affect their quality of life, it would increase the noise, traffic, and litter. They asserted that the neighborhood did not want further commercial encroachment into their residential area. The president of the Association stated that appellant was given an opportunity to present its case to the Association at a meeting, but failed to do so, and did not provide the data and reports referred to by appellant in support of the rezoning.

At the conclusion of the hearing, Councilwoman Van Vrancken again spoke. She stated that she disagreed with Mr. Harvey's assessment of the trial court's ruling and that it was her appreciation that the matter was originally remanded to allow appellant an opportunity to further educate the Association and to present evidence to the Council as to why the application should be granted. She asserted that the Planning Department makes a "technical" recommendation to the PAB based on the rules and issues. The PAB and the Council are not required to accept the recommendation from the Planning Department; rather, each considers the recommendation and other non-technical factors. Councilwoman Van Vrancken pointed out that in this case, after hearing arguments in favor of and against the

application, the PAB recommended denying the application after two different hearings. Councilwoman Van Vrancken also referred to appellant's expert reports. She specifically mentioned the report on noise levels that Mr. Harvey asserted was favorable to rezoning. She pointed out that while the report showed that the noise level was under the required noise level in the ordinance so as to not be offensive, the report actually showed that the noise level was less than one decibel below what is considered offensive and in violation of the Parish ordinance. Councilwoman Van Vrancken also discussed how this particular Taco Bell was one of the highest grossing Taco Bell's in the country, emphasized that the speaker to take orders going off during late hours does affect the quality of life of the neighbors, and discussed the increased traffic if the rezoning is granted. She acknowledged that the Parish was aware of the problem with the U-turn in that location and the Parish was currently working on a plan to redesign that area. She further asserted that a "no parking" sign in front of the property did not mean anything, as there are many other "no parking" signs in front of residential properties. Councilwoman Van Vrancken felt that the opponents did show evidence that the rezoning would affect the safety, health and welfare of the Parish. She read one of numerous emails she received in opposition to the rezoning which stated that she lived in the area for over 20 years and liked the clean, quiet neighborhood and feared that the rezoning would increase the trash and noise levels significantly. Councilwoman Van Vrancken stated that for those reasons she was moving to deny the application. The Council again denied the application for rezoning.

Appellant again appealed the Council's decision to the trial court. On January 23, 2018, after evidence and argument of counsel, the trial court denied appellant's petition. The trial court affirmed the Council's decision, finding that the Council's decision was not arbitrary and capricious and was rationally related to the general welfare of the public. This appeal followed.

**STANDARD OF REVIEW**[2]

The authority to enact zoning regulations flows from the police power of each governmental body. Shaw v. Jefferson Parish, 15-453 (La. App. 5 Cir. 02/24/16), 186 So.3d 1181, 1185. A *prima facie* presumption of validity attaches to zoning board actions. TTC Properties, Inc. v. Parish of Jefferson, 17-363 (La. App. 5 Cir. 12/27/17), 237 So.3d 623, 625; Parish of Jefferson v. Davis, 97-1200, 97-1201 (La. App. 5 Cir. 06/30/98), 716 So.2d 428, 433, writ denied, 98-2634 (La. 12/11/98), 730 So.2d 460. A reviewing court cannot substitute its own judgment or interfere with the zoning board's decision absent a showing that the board was arbitrary and capricious or abused its discretion. Davis, 716 So.2d at 433. The person who opposes a zoning board's decision bears the burden of proving that the decision was arbitrary, capricious, an abuse of discretion, or palpably unreasonable. Id.; In re: Pierre, 04-635 (La. App. 5 Cir. 12/14/04), 892 So.2d 91, 92; Ostarly v Zoning Appeals Board, Parish of Jefferson, 02-55 (La. App. 5 Cir. 10/29/02), 830 So.2d 542, 545, writ denied, 02-3112 (La. 02/21/03), 837 So2 632. A challenge to a zoning decision is a *de novo* proceeding in which the issue is whether the result of the legislation is arbitrary and capricious, and therefore a taking of property without due

---

[2] In its first assignment of error, appellant contends that the Council voluntarily adopted a heightened standard of review of its actions regarding zoning decisions and thus, the trial court erred in not applying that heightened standard, but instead reviewed the decision through the lesser "arbitrary and capricious" standard of review. In support of its position, appellant cites K.G.T. Holdings LLC v. Parish of Jefferson, 14-872 (La. App. 5 Cir. 03/25/15), 169 So.3d 628 for the proposition that land use by right "is subject to strict scrutiny not the normal standard of broad discretion applied to variance cases." Appellant's argument is without merit and we find that the trial court applied the correct law to this rezoning case.

In K.G.T. Holdings, this Court stated:

Land use is subject to the police power of various governing bodies, and the courts will not interfere with the decisions of these bodies unless it is clear that their action is without any relation to the public health, safety, or general welfare. Willow, Inc. v. Jefferson Parish Council, 05–754 (La. App. 5 Cir. 04/25/06), 928 So.2d 756, 759, writ denied, 06–1596 (La. 09/29/06); 937 So.2d 869. In reviewing a land use decision, the issue is whether the governing body's decision is arbitrary and capricious. Id. at 760, citing Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482, 492 (La. 1990). The plaintiff bears the burden of proving that the governing authority acted arbitrarily. Willow, 928 So.2d at 760. To determine if the governing authority's decision regarding a resubdivision request is valid, the trial court must ask whether the decision bears so little relationship to public safety, health, or general welfare as to render it arbitrary and capricious. Id.

Thus, the trial court in this case applied the same law as in K.G.T. Holdings.

process of law. <u>Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish</u>, 561 So.2d 482 (La. 1990).

Because zoning falls under the jurisdiction of the legislative branch, courts will not interfere with their prerogative unless the action is palpably erroneous and without any substantial relation to the public health, safety, or general welfare. <u>Toups v. City of Shreveport</u>, 10-1559 (La. 03/15/11), 60 So.3d 1215, 1217. Arbitrary and capricious means willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. <u>Id.</u> However, when there can be two differing opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. <u>Id.</u>; <u>Palermo</u>, 561 So.2d at 493 (when the property of a zoning decision is debatable, it will be upheld). Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. <u>Toups</u>, 60 So.3d at 1217; <u>King v. Caddo Parish Commission</u>, 97-1873 (La. 10/20/98), 719 So.2d 410, 418.

**DISCUSSION**

Appellant contends that the trial court erred in affirming the Council's denial of its application to rezone the property.[3] Appellant argues that it followed all the proper steps for rezoning, the Planning Department recommended the application for rezoning, the owner of the property next to the Bonnabel property did not object to the rezoning request or use of the property as a parking lot and it provided expert

---

[3] In its second assignment of error, appellant contended that the Council's denial of its application for rezoning was either an abuse of discretion, unreasonable exercise of police powers, an excessive use of powers granted to the council, or the denial of the right of due process and must be reversed. In its third assignment of error, appellant argued that the Council's denial of its application for rezoning was arbitrary and capricious, and did not bear any relation to public health, safety and general welfare, if the lower standard applies, and must be reversed.

reports in favor of rezoning.[4]  Appellant contends that despite overwhelming evidence in favor of rezoning, the Council denied appellant's application for rezoning even though opponents to the rezoning did not present a single fact, document or study to support their position.

In this case, several neighbors testified in opposition to the proposed rezoning stating that the rezoning would affect their quality of life and it would increase noise, traffic, and litter.  Councilwoman Van Vrancken stated she had received numerous emails in opposition to the proposed rezoning and stated that the opponents presented evidence to show rezoning would affect the health, safety, and welfare of the public.  The record shows that the president of the Association testified that all of its 172 members vehemently opposed "any" proposed rezoning in the area. Petitions in opposition to the application for rezoning were submitted, one contained 100 plus signatures and the other contained 200 plus signatures.  The opponents asserted the proposed rezoning would affect their quality of life and they opposed similar commercial encroachment into the neighborhood over the years, mentioning applications for rezoning from Gulf Coast Bank, Walgreens, and Safari Car Wash. The opponents argued that similar requests for rezoning by businesses have been denied, that and if this application is granted, those businesses will again seek rezoning which will further encroach into the neighborhood.  The opponents argued against any commercial encroachment into their quiet, family, residential neighborhood.

The concerns and desires of the electorate are appropriate considerations in the decision making process on zoning.  Jenniskens v. Parish of Jefferson, 06-252 (La. App. 5 Cir. 10/17/06), 940 So.2d 209, 215.  The opinion of the neighborhood

---

[4] Jefferson Parish argued that the reports were not properly admitted and should not be considered.  We find that the reports were offered to and were considered by the Council.  Accordingly, for purposes of this appeal, the expert reports were considered by this Court.

association and other residents in the area must be given weight for determining the nature and character of the area. Id.

Upon review, considering the evidence and testimony presented in favor of and against the application for rezoning, we find the Council acted reasonably in denying appellant's re-zoning application, and that appellant has not overcome the presumption that the Council's zoning decision is reasonably related to the health, welfare, and safety of the public. We therefore find that the Council's denial of appellant's application for rezoning was rationally related to the general health, safety, and welfare of the public, and was not arbitrary and capricious.

**DECREE**

For the above discussed reasons, we affirm the trial court's judgment.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 26, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-269**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
ROBERT G. HARVEY, SR. (APPELLANT)     TAMARA K. JACOBSON (APPELLANT)     LOREN C. MARINO (APPELLEE)
DONALD C. DOUGLAS, JR. (APPELLANT)

### MAILED

HANNON VEY LAPLACE (APPELLANT)
ATTORNEY AT LAW
600 NORTH CARROLLTON AVENUE
NEW ORLEANS, LA 70119