WALTER J. ROTHSCHILD, Judge.
[¡¡Defendants, the Jefferson Parish Council (“Council”) and the Parish of Jefferson, appeal from a trial court judgment reversing the Council’s decision to deny Willow, Inc.’s resubdivision application for the proposed development of a certain tract of land in the Woodland West Subdivision in Harvey, Louisiana. For the reasons which follow, we reverse, finding that the Council’s decision to deny Willow’s resubdivision request was not arbitrary or capricious.

FACTS AND PROCEDURAL HISTORY

In May 2002, Willow, Inc., a real estate development company, purchased approximately 61 acres of land from the Woodland West Country Club, Inc. This property had formerly comprised the Woodland West golf course. In November 2003, Willow sought to develop a portion of this land into a neighborhood of residential homes and filed a resubdivision application with *758 the Jefferson Parish Planning Department for approval.
^Willow’s subdivision plan initially came before the Jefferson Parish Planning Advisory Board (“PAB”) at its January 8, 2004 meeting, and the issue was deferred to January 15, 2004. At the January 15, 2004 meeting, residents of the Woodland West subdivision expressed concerns with the proposed resubdivision of the golf course property and the PAB deferred the matter to February 12, 2004. Willow submitted a revised resubdivision plan, but at the February 12, 2004 meeting, the Planning Department advised that the revised plan did not comply with the neighborhood norm requirements and there were still drainage issues. The matter was deferred until the March 11, 2004 meeting and then to the April 8, 2004 meeting. Willow submitted a third resubdivision plan, but at the April 8, 2004 meeting, the Planning Department advised that this plan did not meet the neighborhood norm requirements and that drainage was still an issue, so the matter was deferred to the May 13, 2004 meeting.
On April 16, 2004, Willow submitted its fourth resubdivision plan. At the May 13, 2004 hearing, it was discussed that details of the drainage plan and other issues still needed to be worked out, so the matter was deferred until the June 10, 2004 meeting. On May 4, 2004, Willow submitted its fifth resubdivision plan. At the June 10, 2004 hearing, the Planning Department recommended approval of Willow’s plan. However, after several issues were raised by the PAB, the matter was deferred to August 12, 2004. The matter was deferred to August 19, 2004, and then again to September 9, 2004. At the September 9, 2004 meeting, the PAB voted to recommend approval of Willow’s resubdivision application if several stipulations were met.
After numerous deferrals, revisions, and discussions regarding the proposed resub-division of this tract of land, the matter came before the Jefferson Parish Council on November 17, 2004. At this meeting, the Council heard arguments ^regarding Willow’s resubdivision request, which was assigned Summary No. 21431. At the hearing, the Director of the Planning Department, Edwin Durabb, indicated that the Department of Public Works and the Director of Engineering had approved the plans, and that the Planning Department recommended approval of the proposed subdivision with four stipulations. Michael Bracey of the PAB advised the Council that the PAB recommended approval of the proposed subdivision if the four stipulations set forth by the Planning Department and two additional stipulations were met. The Council also heard from several residents regarding many concerns that they had about the proposed resubdivision. After a lengthy discussion on the many issues involved in this matter, the Council denied the ordinance containing Willow’s resubdivision application, summary no. 21431. Summary no. 21459, which concerned Willow’s request for a waiver of stormwater detention requirements, was cancelled and removed from the Council meeting’s agenda due to the Council’s decision to deny Willow’s resubdivision application.
On November 24, 2004, Willow filed a Petition for Writ of Certiorari, Writ of Mandamus, and Damages, against the JefT ferson Parish Council and the Parish of Jefferson, asserting that the Council’s denial of its application for resubdivision was arbitrary, capricious, and unreasonable. They further argued that the Council’s refusal to approve its resubdivision application deprived Willow of its constitutional right to use its land and constituted a compensable taking of property under the Louisiana and United States Constitutions. *759 In its petition, Willow requested reversal of the Council’s denial of its resubdivision application and a writ of mandamus ordering defendants to approve its application. Alternatively, Willow sought a judgment ordering defendants to pay just compensation to Willow for the taking of its land. The Home Builders Association for Greater New Orleans]£(“HBA”) filed a Petition for Intervention, asserting that there would be a significant reduction in economic activity and a direct and negative impact on the members of HBA if the denial of Willow’s application is not reversed.
On December 28, 2004, the Council and Jefferson Parish filed Dilatory and Peremptory Exceptions of Improper Cumulation of Actions, Unauthorized Use of Summary Proceedings, No Cause of Action for Mandamus, No Cause of Action for Damages, and Prematurity. These exceptions came for hearing on January 26, 2005, and the trial court rendered a judgment denying the exceptions on February 16, 2005. In this judgment, the trial court further ordered that “the Court will limit its review to the documents contained in the public records of Jefferson Parish in its determination of whether or not defendants acted arbitrarily or capriciously in denying Willow’s resubdivision application.” The" Council and Jefferson Parish filed a writ application seeking review of the trial court’s judgment, but this Court denied writs.
On March 30, 2005, Willow’s Petition for Writ of Mandamus and Writ of Certiorari came before the trial court for hearing. Based on the trial court’s prior ruling that it would limit the evidence to “the public records of Jefferson Parish,” the parties submitted the case on 20 exhibits submitted by Willow and 78 exhibits submitted by the Council and Jefferson Parish. The trial court allowed the Council and Jefferson Parish to proffer the testimony of witnesses by deposition.
On April 6, 2005, the trial court rendered a judgment, ordering that a writ of mandamus be issued directing the Council to approve Willow’s resubdivision application as submitted, including Summary No. 21459, which was the request for waiver of stormwater detention requirements. The trial court further ordered that if “the appellate courts should reverse this Court’s ruling that Willow is entitled to a writ of mandamus, that a writ of certiorari be issued reversing the Jefferson Parish ^Council’s denial of Willow’s resubdivision application.” In its reasons for judgment, the trial court found that the Council’s decision to deny Willow’s application was arbitrary, capricious, unreasonable, and an abuse of discretion in its exercise of its police powers.” The Council and Jefferson Parish appeal the trial court’s April 6, 2005 judgment.

DISCUSSION

On appeal, the Council and Jefferson Parish argue that the trial court erred in ruling that the Council’s decision to deny Willow’s application for resubdivision was arbitrary, capricious, and unreasonable. The Council and Jefferson Parish contend that the Council’s decision to deny Willow’s resubdivision application was based on concerns for the safety and welfare of the public and that Willow did not meet its burden of proving that the Council’s decision was arbitrary and capricious. We agree.
Land use is subject to the police power of various governing bodies, and the courts will not interfere with the decisions of these bodies unless it is clear that their action is without any relation to the public health, safety, or general welfare. Bourbon Country Estates, Inc. v. St. James Parish, 92-582, 92-583 (La.App. 5 Cir. 12/16/92), 611 So.2d 180, 182, writ denied, *760 93-152 (La.3/12/93), 613 So.2d 997. In reviewing a land use decision, the issue is whether the governing body’s decision is arbitrary and capricious. Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482, 492 (La.1990). The plaintiff bears the burden of proof to establish that the governing authority has acted arbitrarily. Bourbon Country Estates, Inc. v. St. James Parish, supra. To determine if the governing authority’s decision regarding a resubdivision request is valid, the trial court must ask whether the decision bears so little relationship to public safety, health, or general welfare as to render it arbitrary and capricious. | ¡¡Cerruti v. Parish of Jefferson, 94-608 (La.App. 5 Cir. 1/18/95), 650 So.2d 315, 317.
At the November 17, 2004 Council meeting, Edwin Durabb, who is the Director of the Planning Department for Jefferson Parish, indicated that the Planning Department recommended approval of the proposed subdivision, if four stipulations were met. Michael Bracey of the PAB informed the Council that the PAB would recommend approval of the plans if the stipulations set forth by Mr. Durabb were met, as well as two additional stipulations. The Council also heard from the vice-president of the HBA and a representative of Willow in support of Willow’s resubdivision plan. The Council heard opposition to the proposed resubdivision by neighboring residents who were concerned with numerous issues, including traffic, drainage, and flood insurance.
We have thoroughly reviewed the record and exhibits in this case, and we find that the Council’s decision was not arbitrary and capricious. We note that the proposed ordinance submitted by Willow does not set forth all of the stipulations required for recommendation of approval by both the Planning Department and the PAB. Further, we note that there are issues regarding the safety of overlapping utility and drainage servitudes, which could create a potential hazard to individuals involved in the maintenance of the drainage system as well as utility workers. Willow’s failure to address the safety issues involved with the overlapping servi-tudes is a legitimate reason for the Council to have denied the resubdivision application, based on concern for the safety and welfare of the public.
Willow argues that the Council based its decision on the complaints of “vocal residents.” The Council is not restricted to technical considerations in making land use decisions, and it may consider other factors affecting the area. Cerruti v. Parish of Jefferson, supra at 318. Although legitimate concerns of 19neighboring residents is a factor that the Council may consider, the record supports the Council’s position that it did not rely solely on the objections of neighboring residents, as there were objective issues and concerns in this case.
 We agree with Willow and the HBA that the Council cannot deny a request for resubdivision and deprive a landowner of the use of his property without any valid reason related to the public safety, health, and welfare. We further note that it would have been prudent for the Council to set forth its reasons for denying Willow’s application. However, in this case, our independent review of the record reveals that legitimate safety concerns remain. Therefore, the Council cannot be compelled to approve Willow’s resubdivision request at this time. We do not believe that this ruling constitutes a “taking” of Willow’s property, because Willow’s resubdivision request can be amended and resubmitted, and the Council must approve the request if legitimate public safety and welfare concerns are resolved.
*761 When the propriety of the Council’s decision is debatable, it should be upheld. After reviewing the evidence and the law applicable to this case, we conclude that the Council was not arbitrary and capricious when it denied Willow’s resubdivision application, because the Council’s actions could reasonably have been based on legitimate considerations related to public safety, health, and welfare. Accordingly, we find that the trial court erred in reversing the Council’s decision to deny Willow’s re-subdivision application and we vacate the writ of mandamus.
Considering our ruling reversing the trial court’s judgment and reinstating the Council’s decision, we pretermit discussion and resolution of the remaining assignments of error and issues set forth in this appeal.

DECREE

|10For the foregoing reasons, we reverse the trial court judgment and vacate the writ of mandamus.

REVERSED; WRIT OF MANDAMUS VACATED.

CANNELLA, J., concurs with reasons.