TIMOTHY FALCON AND JEWELL FALCON

VERSUS

THE PARISH OF JEFFERSON AND
THE JEFFERSON PARISH COUNCIL

NO. 22-CA-526

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 821-019, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING


June 14, 2023


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.


**AFFIRMED**
    **JGG**
    **RAC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
TIMOTHY FALCON AND JEWELL FALCON
    Timothy S. Madden
    Michael L. Vincenzo

COUNSEL FOR DEFENDANT/APPELLANT,
THE PARISH OF JEFFERSON AND THE JEFFERSON PARISH COUNCIL
    Guice A. Giambrone, III
    Jacob K. Best
    Ivana Dillas

**GRAVOIS, J.**

Defendants/appellants, the Parish of Jefferson and the Jefferson Parish Council, appeal the trial court's August 10, 2022 judgment which vacated the Council's denial of an application for resubdivision of property filed by plaintiffs/appellees, Timothy Falcon and Jewell Falcon, and therein approved the application for resubdivision. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Timothy Falcon and Jewell Falcon, are the owners of property located on Willow Lawn Street in Marrero in Jefferson Parish. The property is bounded generally by Bald Eagle Park, a pipeline canal, and Elm Lawn Drive, and is zoned R-1A (single-family residential). Plaintiffs sought to resubdivide their one tract of land into a residential development known as "Falcon Estates Subdivision," to be comprised of 20 lots for single-family homes. The first phase of the project would include development of twelve lots, the extension of Willow Lawn Street as a route of ingress and egress, and the partial construction of Belle Vie Lane. Plaintiffs submitted an application for resubdivision to the Jefferson Parish Planning Department ("the Planning Department"). Upon initial review, the Department of Public Works opposed the application until certain stipulations were made. One such stipulation was that there was to be no vehicular traffic or pedestrian traffic from Falcon Estates to Bourgeois Lane, a 16-foot wide substandard roadway adjacent to the western boundary of the subject property.[1] Notably, the Traffic Engineering Division did not require a traffic impact analysis

---

[1] Bourgeois Lane extends from Barataria Boulevard to the subject property. It is approximately 1,200 feet in length with 33 single-family lots fronting thereon. Bourgeois Lane does not provide a turn-around for emergency vehicles. The Department of Public Works strongly recommended that a permanent structure like a fence be built between Bourgeois Lane and the subject property to prevent through traffic to Bourgeois Lane.

for the proposed resubdivision.[2]  Thereafter, all of the Jefferson Parish Departments supported the revised application for resubdivision.  The Planning Department ultimately approved the application, after finding that it met all of the requirements of the Jefferson Parish Unified Development Code.[3]

On June 10, 2021, a public hearing on the application for resubdivision was held before the Planning Advisory Board ("the PAB").[4]  Mr. Falcon and Tildon Jay Dufrene, Jr., a registered land surveyor and civil engineer who was hired by the Falcons to work on this project, spoke in favor of the proposed development.  Eight people spoke in opposition to the proposal, many of whom live on Cypress Lawn Drive, a street which intersects with Willow Lawn Street and extends from Barataria Boulevard.  They expressed concerns regarding the exacerbation of an existing traffic and speeding problem.  Audie Hymel, a resident of Cypress Lawn Drive, stated that he did not oppose the development, but was opposed to the use of Willow Lawn Street as access to this development because of concerns about traffic and speeding.  He anticipated that between 75 to 100 vehicles will be added per day, plus construction vehicles, which will contribute to the traffic and speeding issues in the neighborhood.

Emails and letters were also submitted in opposition.  Harry Solhjoo, a resident of Cypress Lawn Drive, wrote that the proposed resubdivision will create

---

[2] The record reflects that according to the Jefferson Parish Code of Ordinances, a traffic impact analysis would be triggered for a resubdivision containing 30 or more lots.

[3] Section 33-1.4 of the Unified Development Code provides that the purpose of the Code is to: (1) promote public health, safety, comfort, order, and general welfare; (2) implement the comprehensive plan; (3) protect or enhance property values parish wide; (4) protect private property rights; (5) promote safe, orderly development, and use of land and natural resources; and (6) facilitate safe and economical provision of adequate streets, water, wastewater, stormwater, schools, parks, and other public facilities.

[4] The Planning Advisory Board is a seven-member advisory board created by the Parish Charter to review all land use issues that affect the present and future use of land in the unincorporated areas of Jefferson Parish.  The Board's primary function is to provide public input on zoning matters, including land designation, land division/consolidation, and regulations.  The Board holds public meetings on zoning applications before making recommendations to the Parish Council.  *TTC Properties, Inc. v. Par. of Jefferson*, 17-363 (La. App. 5 Cir. 12/27/17), 237 So.3d 623, 626.

additional traffic and greatly overburden Willow Lawn Street and the first block of Cypress Lawn Drive.  He stated that excessive speed is a continuous problem on Cypress Lawn Drive, and as a parent of a five-year-old boy who was struck by a speeding driver in front of his house, he is concerned with the resubdivision plan. William H. Jones, Jr. of Cypress Lawn Drive wrote that traffic is "horrific" on Cypress Lawn Drive and speeding on the street is "rampant."  He stated that the new subdivision will only add to the current issues since, according to his estimation, between 22 and 88 or more additional vehicles will be traveling on Cypress Lawn Drive on a daily basis.

The PAB deferred a recommendation on the application for resubdivision until July 8, 2021.

At a public hearing before the PAB on July 8, 2021, Mr. Falcon again spoke in support of the proposal, and sixteen people spoke in opposition.  E-mails in opposition were also submitted for the record.  Mr. Falcon stated that since the last hearing, he had met with members of the neighboring subdivision who expressed their concern about Willow Lawn Street being the route of ingress and egress to Falcon Estates and had inquired as to why Bourgeois Lane could not be used.  Mr. Falcon stated that Bourgeois Lane is not an option since it is a substandard roadway.  He also stated that using Bald Eagle Park to the north for access is also not an option, since the property immediately adjacent to his property is owned by a church.  In opposition, many residents of Cypress Lawn Drive expressed their concern with traffic, speeding, and the parish not allowing the use of Bourgeois Lane as access to the proposed development.  Mr. Hymel again spoke in opposition, stating that his biggest concern was traffic.  The PAB deferred the case to an August 5, 2021 public hearing and recommended that Mr. Falcon meet with his councilman, Byron Lee, to discuss the possible use of Bourgeois Lane for this development.

At the August 5, 2021 public hearing before the PAB, a representative from the Planning Department stated that a meeting occurred with the Department of Public Works to discuss potentially improving Bourgeois Lane so that it could be used for this project. In 1996, the Parish requested a servitude from the property owners on Bourgeois Lane to widen the road, but the requested servitude was never provided.[5] In order to fully develop the road, the Parish would need to purchase property from the property owners on Bourgeois Lane. The Department of Public Works said that it would not be allowing access to Falcon Estates Subdivision from Bourgeois Lane. Nonetheless, the Planning Department maintained its approval of the application for resubdivision. Mr. Falcon again spoke in support of the proposal and noted that although he had attempted to meet with Councilman Lee, a meeting never occurred. Nine people spoke in opposition, again expressing their concern regarding traffic and speeding. Pamela Watson, Councilman Lee's chief-of-staff, communicated that Mr. Lee was aware of everyone's concerns. Emails and letters in opposition were submitted for the record. The PAB recommended that the application for resubdivision be denied. A member of the PAB stated that the main issue was the widening of Bourgeois Lane, since there was a problem with emergency vehicles using Bourgeois Lane.

On August 25, 2021, the Jefferson Parish Council considered the application for resubdivision. The Falcons and their attorney spoke in support of the application, and seven people spoke in opposition. Mr. Hymel again noted that those in his neighborhood were concerned with a potential increase in traffic and its impact on the neighborhood's quality of life, and he requested that the Parish

---

[5] The Planning Department report noted that the Department of Public Works requested the dedication of an additional 34 feet of right of way to bring the roadway to meet the 50 ft. parish standards. The Bourgeois Lane subdivision was approved with a restrictive covenant that the houses would have a 50-foot setback from the roadway for future widening of Bourgeois Lane, however that widening has not occurred to date.

give plaintiffs access on Bourgeois Lane. The Council denied the application for resubdivision. At the meeting, Councilman Lee stated:

> I've had an opportunity to review this, and certainty I've gotten phone calls from those who have been against and few who are for this development. And I have received, like many of my colleagues, emails and letters from the majority of the people who live back there in that community who are against this development. … Then in addition to that I also asked the administration … to look at Bourgeois Lane, and they came back and they told me that it is a substandard road. … And so based on all of the information that's been provided to me as well as the constant letters and phone calls from those in the community, I have to move to deny it.

In response, on September 20, 2021, plaintiffs filed a verified petition for injunctive relief and appeal of the decision of the Council, naming as defendants the Parish of Jefferson and the Jefferson Parish Council. Plaintiffs asserted in their petition that the Council's decision to deny their application for resubdivision was arbitrary and capricious.

A trial on the matter was held on July 19, 2022. In support of their argument, plaintiffs called Mr. Falcon and Mr. Dufrene as witnesses. Defendants called three residents of Cypress Lawn Drive as witnesses: Mr. Hymel, Judy Perrin, and John Combel, who testified via a trial deposition. The trial court found that the Council's denial of plaintiffs' application for resubdivision was arbitrary and capricious. In its oral reasons for judgment, the trial court stated:

> Before coming to an answer on this issue, this Court extensively reviewed the Fifth Circuit's jurisprudence namely *KGT Holdings, LLC versus Parish of Jefferson*, 169 So.3d 628, Louisiana Fifth Circuit, 2015; *Willow Inc. versus Jefferson Parish*, 928 So.2d 756, Fifth Circuit 2006; *Cuny Family LLC versus Parish of Jefferson*, 288 So.3d 235, Fifth Circuit, 2020; and the Second Circuit's decision on the *Urban Housing of America Inc. versus City of Shreveport*, 26 So.3d 226, 2009. That's a Second Circuit case.
>
> This Court must decide whether Jefferson Parish [sic] denial of [the] Falcon's [sic] application as [sic] arbitrary and capricious. In order to render the decision arbitrary and capricious, the decision must bear so little relationship to public safety, health, or general welfare.
>
> In *Willow Inc. versus Jefferson Parish*, the Fifth Circuit stated that the Parish cannot deny a request for a resubdivision and a private landowner use of his property without a valid reason related to the

public safety, health, and welfare. In *Willow*, the Fifth Circuit ultimately upheld the Parish's denial of a resubdivision because of the concern regarding documented issues with drainage and overlapping servitudes.

Here, the main concern is traffic. This Court notes that the concern of the neighboring residents regarding traffic, but it's bound to follow the Fifth Circuit's jurisprudence. In fact, the *Willow* and *KGT Holdings* cases opine that although concerns from residents may be a factor of consideration, the Parish cannot solely rely on the residents' opinions.

It appears in this case that there are several workarounds to ease the potential for traffic. None of which were explored by the Parish before denying the Falcon's [sic] application. From the testimony heard today, the Court finds that Jefferson Parish has not stated a valid reason for denying the Falcon's [sic] application and such decision was made arbitrarily and capriciously.

On August 10, 2022, the trial court signed a judgment vacating the denial of plaintiffs' application for resubdivision and approving plaintiffs' application.

Defendants filed a timely appeal of this judgment.

## LAW AND ANALYSIS

The general authority for local government to regulate land use is conferred by La. Const. Art. 6, § 17, which provides in part:

> Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures.

The approval of subdivision plats is regulated by La. R.S. 33:101.1, which provides:

> Except as otherwise provided in this Subpart, the act of approving or disapproving a subdivision plat is hereby declared a legislative function involving the exercise of legislative discretion by the planning commission, based upon data presented to it; provided that any subdivision ordinance enacted by the governing authority of a parish or municipality or the acts of the planning commission, or planning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of police powers, an excessive use of the power herein granted, or denial of the right of due process. The right of judicial review of a subdivision ordinance shall not be limited by the foregoing, however, nothing

contained in this Subpart or in any subdivision ordinance adopted by a parish or municipality shall be construed as imposing upon such parish or municipality a duty, special or otherwise, to or for the benefit of any individual person or group of persons.

The approval or disapproval of a subdivision plat is a legislative function involving the exercise of legislative discretion by the governing authority of a parish or municipality. *Inv. Mgmt. Servs., Inc. v. Vill. of Folsom*, 00-0832 (La. App. 1 Cir. 5/11/01), 808 So.2d 597, 604. The courts will not interfere with the decisions of these bodies unless it is clear that their action is without any relation to the public health, safety, or general welfare. *Willow, Inc. v. Jefferson Parish Council*, 05-754 (La. App. 5 Cir. 4/25/06), 928 So.2d 756, 759, *writ denied*, 06-1596 (La. 9/29/06), 937 So.2d 869.

A legislative body's decision to deny a use by right, in compliance with the applicable zoning ordinances is subject to strict scrutiny, not the normal standard of broad discretion applied to variance cases. *K.G.T. Holdings, LLC v. Par. of Jefferson*, 14-872 (La. App. 5 Cir. 3/25/15), 169 So.3d 628, 633-34, *writ denied*, 15-0810 (La. 6/19/15), 172 So.3d 652; *Zachary Hous. Partners, L.L.C. v. City of Zachary*, 12-1952 (La. App. 1 Cir. 10/10/13), 185 So.3d 1, 4, *writ denied*, 13-2615 (La. 2/7/14), 131 So.3d 864. The reviewing court does not consider whether the trial court manifestly erred in its findings, but whether the legislative body acted arbitrarily, capriciously, or with any calculated or prejudicial lack of discretion. *Id*. The test of whether an action is arbitrary or capricious is whether the action is reasonable under the circumstances. *Id.*

On appeal, defendants argue that the trial court erred by disregarding La. R.S. 33:101.1, which provides that the act of approving or disapproving a subdivision plat is a legislative function involving the exercise of legislative discretion. Defendants assert that the trial court was only required to determine if there was *any* basis or evidence on which the Council could conceivably have

denied the resubdivision. Defendants argue that the opposition expressed by the neighboring residents at the PAB hearings, the Council meeting, and at the trial establish a reasonable basis to conclude that the resubdivision will not only create safety concerns, but will also detract from the neighbors' quality of life and thus is an appropriate basis to deny the resubdivision. Defendants argue that this Court has held that the concerns and desires of the electorate are appropriate considerations in the decision-making process on zoning, and that the Council is not bound to technical considerations in deciding land use applications.

In its reasons for judgment, the trial court referenced a number of cases, including *K.G.T.*, *supra*, and *Urban Housing of Am., Inc. v. City of Shreveport*, 44,874 (La. App. 2 Cir. 10/28/09), 26 So.3d 226, *writ denied*, 10-26 (La. 4/23/10), 34 So.3d 269.

In *K.G.T*, the plaintiffs filed an application for resubdivision to divide a five-lot tract into 17 lots. The application for resubdivision was approved by the Planning Department and unanimously approved by the PAB. The Council denied the application because the plans did not meet the neighborhood norm and the density was too intense. The trial court vacated the decision of the Council. *K.G.T*, 169 So.3d at 630-31.

On appeal, this Court affirmed and found that there was no rational basis for the Council's decision to deny the application for resubdivision. *Id*. at 635. This Court found that there was no neighborhood norm and 170 lots in a four-block radius of the proposed resubdivision did not comply with the lot size requirements. *Id*. at 633. In its opinion, this Court relied on *Urban Housing* to find that a Council's decision to deny a use by right is subject to strict scrutiny, not the normal standard of broad discretion applied to variance cases. Additionally, land use regulations are construed in favor of the owner's proposed use of his own property. This Court found that the Council failed to meet the heightened burden

of denying the plaintiffs' resubdivision plan so as to render its decision arbitrary and capricious. The plan sought no variance and no re-zoning, and there was evidence that property owners in adjacent property had been granted a resubdivision, even with lots that did not comply with the zoning requirements. *Id.* at 634. This Court noted that even though neighbors objected to the proposed resubdivision, there was no rezoning request, almost all of the Jefferson Parish Departments did not oppose the proposal, the Planning Department recommended approval, and the proposal was consistent with the Jefferson Parish Comprehensive Plan. *Id.* at 635.

In *Urban Housing*, the plaintiffs filed a subdivision plan with the Shreveport Metropolitan Planning Commission ("the MPC") to build phase three of a subdivision. *Id.*, 26 So.3d at 227. The MPC originally approved the subdivision plan, but the City Council denied the plan. Subsequently, the plaintiffs realized that the proposed subdivision plan did not fully comply with zoning, whereupon the plaintiffs filed a corrected plan that satisfied all zoning ordinances. However, after a meeting where opponents turned in over 700 signatures in opposition, the MPC voted to deny the plan. The City Council upheld the MPC's denial. *Id.* at 228. The plaintiffs filed suit, and following a trial, the trial court found no error in the City Council's decision since it had "virtually boundless discretion." *Id.* at 229.

On appeal, the Second Circuit considered an analogous case, *D'Argent Properties LLC v. City of Shreveport*, 44,457 (La. App. 2 Cir. 6/24/09), 15 So.3d 334. There, the MPC approved a proposal to build a Sonic Drive-In even though it was met with opposition from neighbors, but the City Council denied it. The trial court upheld the decision, but on appeal, the Second Circuit reversed. There the Second Circuit stated:

> [W]e distinguish *King v. Caddo Parish Comm'n*, *supra*, *Prest v. Parish of Caddo*, *supra*, and several other cases cited in brief, on a factual basis. Those cases all involved requests for variances, special exceptions or rezoning of a particular parcel. When an owner seeks to alter the established zoning, the commission or governing body must apply its great discretion and, as a result, the courts will not "take issue with the council." *King v. Caddo Parish Comm'n, supra*. The instant case, by contrast, is the *res nova* situation in which an owner seeks a use by right, in compliance with the applicable zoning, conforming to every modification imposed, and approved by the commission. This use by right should be presumptively valid and approved. For the council to deny such a use, the burden on the city is much higher. On judicial review, the council's decision to deny a use by right is subject to strict scrutiny, not the normal standard of broad discretion applied to variance cases. On this record, the city council did not meet its heightened burden of refuting the owners' use of right.

*D'Argent Properties*, 15 So.3d at 340 (footnote omitted).

Relying on this case, the Second Circuit in *Urban Housing* applied strict scrutiny to the City Council's decision to deny a "fully compliant application" with all zoning and use requirements. The Court found that without a showing of any significant differences in the plans, the approval of phases one and two but not phase three creates a strong appearance of being arbitrary and capricious. Further, though traffic congestion was cited as a reason the subdivision plan was denied, the court found that the MPC did not confirm there was any substance to such a claim and the City offered no further support. The court ultimately found that the MPC and the Council erred in denying the subdivision approval.[6] *Urban Housing*, 26 So.3d at 232.

In the present case, on appeal, defendants argue that *K.G.T.* and *Urban Housing* are distinguishable since in those cases the PAB, or the MPC, approved

---

[6] In *GBT Realty Corp. v. City of Shreveport*, 50,104 (La. App. 2 Cir. 9/30/15), 180 So.3d 458, 464, *writ denied*, 15-2002 (La. 1/8/16), 184 So.3d 693, the Second Circuit considered both *Urban Housing* and *D'Argent* to find that the cases demonstrate that a municipality has the discretion to act within the ambit of the zoning ordinances so long as that discretion is not exercised arbitrarily and capriciously. A municipality retains the discretion to deny a site or subdivision plan submitted in accordance with use by right zoning, but that denial is subject to strict scrutiny and the zoning ordinances and actions will be construed in favor of the use proposed by the owner.

the resubdivision, unlike in the present case. While we note this distinction in *K.G.T.*, in *Urban House*, the MPB voted to deny the subdivision plan, and the Council agreed with the denial, like the present case. Further, it is noted that the only reason given for the recommendation by the PAB to deny the application was that Bourgeois Lane was not wide enough; however, the application for resubdivision did not propose to use Bourgeois Lane. Accordingly, we do not find defendants' argument persuasive and find that both *K.G.T.* and *Urban Housing* are analogous to the present case.

Defendants argue this Court's decision in *Cuny Family, LLC v. Par. of Jefferson*, 19-269 (La. App. 5 Cir. 12/26/19), 288 So.3d 235, is more analogous to the present case since there the PAB also recommended denial. In *Cuny Family*, the plaintiff sought to rezone its property from R2 family residential to C1 neighborhood commercial/ZPZ. The property adjacent to the property in question was also owned by the plaintiff and contained a Taco Bell. The plaintiff sought to provide additional parking and queuing for the Taco Bell in the subject property. The Planning Department approved the application. *Id*. at 237. The plaintiff's request however was met with a great deal of opposition by neighbors at both the PAB public hearing and the Council meeting. The neighbors argued that this rezoning would affect their quality of life and increase noise, traffic, and litter. They did not want further commercial encroachment in their neighborhood, and they highlighted that similar requests for rezoning by property owners in the neighborhood had been denied. *Id*. at 238-39. The Council denied the application for rezoning, and the trial court found that the decision was not arbitrary and capricious. *Id*. at 240. On appeal, this Court stated that the concerns and desires of the electorate are appropriate considerations in the decision-making process on zoning. Considering all the evidence and testimony presented, this Court found that the Council acted reasonably in denying the rezoning application, and that the

plaintiff had not overcome the presumption that the Council's zoning decision is reasonably related to health, welfare, and safety of the public. *Id*. at 242.

Upon review, we find *Cuny Family* distinguishable from the present case. *Cuny Family* involved a rezoning request and did not involve a "use by right." Plaintiffs here only sought to resubdivide their property in accordance with the current zoning status. The resubdivision in the present case sought to add 20 lots for single-family homes. All of the adjacent neighborhoods are single-family home neighborhoods. Further, unlike in *Cuny Family*, Mr. Dufrene testified at trial that several properties near the subject property have been approved by the Parish for similar resubdivisions. He also testified that the proposed lots in Falcon Estates are bigger in size, over four to nine times the minimum size that could be used.

Defendants argue that the Council's decision is not restricted as to whether the application for resubdivision met technical requirements and it may consider other factors affecting the public. In support, defendants cite to *Bourbon Country Estates, Inc. v. St. James Par.*, 611 So.2d 180, 181 (La. Ct. App. 1992), *writ denied*, 613 So.2d 997 (La. 1993); *Lighthouse RV Park, LLC v. St. John the Baptist Par. Council*, 12-149 (La. App. 5 Cir. 9/11/12), 101 So.3d 448; *Cerruti v. Par. of Jefferson*, 94-608 (La. App. 5 Cir. 1/18/95), 650 So.2d 315; and *Willow*, *supra*. It is undisputed by plaintiffs that public safety, health, and general welfare are considerations to be taken into account. However, the cases defendants rely on are factually distinguishable from the present case since in those cases, this Court found that legitimate public concerns were established and thus there was a reasonable basis for the Council's denial of the applications.[7]

---

[7] In *Willow*, 928 So.2d at 760, this Court found that an overlapping utility and drainage servitude that remained on the property was a "legitimate safety concern," and thus the Council's decision to deny the proposal was not arbitrary and capricious. In *Bourbon Country Estates*, 611 So.2d at 183-84, the regulations required execution of a written declaration by all owners of the lots in the plat in order to vacate any part of the plat, and that had not been obtained. Additionally, because there was no proposed use for the land, this Court found that it was impossible for the Council to evaluate the proposal under the applicable regulations.

In the present case, in opposition to this application for resubdivision, the residents of Cypress Lawn Drive testified that traffic and speeding are an existing issue and the residents are concerned that the resubdivision would increase traffic and therefore would increase the probability of speeders. Mr. Hymel testified at the PAB hearings and at trial. At trial, he admitted he had not personally called the Sheriff's Office regarding the speeding issues, nor had he requested additional stop signs for Cypress Lawn Drive. He did testify that he knew that many of his neighbors had attempted to thwart the speeding by calling the Sheriff's Office and by putting out warning signs. He agreed that a viable option to the speeding issue would be having the police enforce the law. Ms. Judy Perrin testified at the trial on the matter that she has lived on Cypress Lawn Drive for 39 years. She spoke with Pam Watson in Councilman Lee's office off and on for about 6 months regarding the traffic and speeding issues and attempted to get a stop sign placed on the street. She stated that the accident referenced in Harry Solhjoo's letter occurred in 1998 on Cypress Lawn Drive. In his deposition, John Combel stated that speeding has been an issue on Cypress Lawn Drive, and he has called the Sheriff's Office to "run radar" on the street. He confirmed that this is not a new problem, but he believes that the resubdivision will be bad for the current resident's safety and welfare. He stated that he is not against plaintiffs creating their subdivision, but believes there are three or four other ways that they can gain access to the property that would not burden Cypress Lawn Drive even more. He testified that he

---

Accordingly, this Court found that the Council's decision was not arbitrary and capricious. In *Lighthouse RV Park*, 101 So.3d at 454-55, in addition to public opposition to the application to subdivide a plat of land located in a Coastal High Hazard area for development of a recreational RV park, the Director of Planning and Zoning for the Parish expressed his disapproval, due to compliance with the national flood insurance program. In *Cerruti*, 650 So.2d 318-19, it was established that the application for resubdivision did not meet the "neighborhood norm" and opposition was expressed by neighboring landowners for the reasons of "maintaining property values, reducing congestion and maintaining the expectations of the owners who purchased the large lots believing nearby lots would not [be] chopped up into smaller, less attractive spaces."

believed there would be 60 houses built in the resubdivision, but even if there were only 20, he still thinks that the Cypress Lawn Drive should not be used.

Both Mr. Combel and Mr. Hymel testified that they believed the resubdivision would allow for an extra 100 cars a day; however, there is no support in the record for that assertion. Mr. Combel stated that he "just threw that word out there." It was established that a traffic impact analysis was not required by the Traffic Engineering Division since the resubdivision was only for 20 lots and not the threshold 30 lots that would require a traffic impact analysis. There is also no support in the record for the residents' allegations that the resubdivision would contribute to the speeding issues.

Upon review, we agree with the trial court's well-reasoned finding that the Council's decision to deny the Falcons' application for resubdivision did not meet the heightened burden imposed on defendants and was unreasonable, arbitrary, and capricious. The application did not involve a rezoning request and was unopposed by all of the Jefferson Parish Departments. It was established that speeding and traffic are already an issue on Cypress Lawn Drive, but it was unsupported that allowing an additional 20 lots to the neighborhood would create a legitimate safety concern. We find that under the particular facts and circumstances presented in this case, the Council's decision to deny the Falcons' application for resubdivision bears so little relationship to public safety, health, or general welfare as to render it unreasonable, arbitrary, and capricious. While we do not take the concerns voiced by neighborhood residents regarding the current traffic violations in their neighborhood lightly, we find that there is simply no evidence in the record that supports the conclusion that approval of the Falcons' resubdivision would exacerbate the traffic violations in their neighborhood. The remedy for the issues that the neighborhood residents are experiencing with traffic violations is through traffic enforcement by the appropriate authorities, not the denial of the Falcons'

resubdivision based on mere unsupported speculation that it would contribute to those problems. Accordingly, we affirm the decision of the trial court to allow the Falcons' resubdivision as proposed and approved by all of the Jefferson Parish Departments, since it is in full compliance with applicable zoning regulations and the Jefferson Parish Unified Development Code.

## DECREE

For the foregoing reasons, the judgment of the trial court vacating the Council's denial of the Falcons' application for resubdivision and approving their application for resubdivision is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 14, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-526**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
MICHAEL L. VINCENZO (APPELLEE)      PATRICK T. ISACKS (APPELLEE)      GUICE A. GIAMBRONE, III (APPELLANT)
IVANA DILLAS (APPELLANT)            JACOB K. BEST (APPELLANT)

### MAILED

TIMOTHY S. MADDEN (APPELLEE)
ATTORNEY AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170