# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-620


**B & A HOLDINGS, LLC**

**VERSUS**

**CITY OF NATCHITOCHES**


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 92216B
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**********

**GARY J. ORTEGO**
**JUDGE**

**********

Court composed of Van H. Kyzar, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

**AFFIRMED.**

**Joseph B. Stamey**
**Stamey Law Firm, LLC**
**PO Drawer 1288**
**Natchitoches, LA 71458-1288**
**(318) 352-4559**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Natchitoches**

**Curtis R. Joseph, Jr.**
**Blanchard, Walker, O'Quin & Roberts**
**333 Texas St.**
**Regions Tower Suite 700**
**Shreveport, LA 71163**
**(318) 221-6858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **B & A Holdings, LLC**

**ORTEGO, Judge.**

This is an appeal from the district court's affirmation of the decision of Natchitoches City Council reversing the decision of the Planning and Zoning Commission allowing plaintiff to subdivide his property into two lots. Appellant appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant, B&A Holdings, LLC, is the owner of certain land situated within the City of Natchitoches, Louisiana. As a result of its ownership of this property, Appellant made this application to subdivide the property. On August 18, 2020, the Natchitoches Planning and Zoning Commission (Commission) approved Appellant's application to subdivide the property. Previously, Appellant was denied an earlier subdivision plan to develop its entire 17.5-acre tract; however, for this application, Appellant only sought to subdivide two lots.

Following that approval, citizens in that neighborhood, whose properties surrounded the land at issue, appealed the Commission's decision to the Natchitoches City Council (City Council). On September 14, 2020, the City Council held a public hearing, and upon completion, it voted to reverse the Commission's decision, effectively denying Appellant's application.

Transcripts from the City Council's meeting of September 14, 2020, reveal that those who spoke against the application did so largely on the basis that Appellant's proposed development on its land at issue would cause additional drainage problems to this area of the city.

Appellant appealed the City Council's decision to the Tenth Judicial District Court. Following a hearing on June 20, 2023, the district court took the matter under advisement.

By judgment of July 24, 2023, the district court affirmed, with extensive reasons, the City Council's decision reversing the decision of the Commission and denial of Appellant's application to subdivide, with the drainage issue at the forefront.

## ASSIGNMENTS OF ERROR

Appellant assigned the following errors following the district court's judgment:

1. The trial court erred in failing to find that the City Council was arbitrary and capricious and, as such, violated B&A Holding, LLC's due process rights.

2. The trial court erred in failing to accord the Planning & Zoning Commission's approval of Appellant's application a prima facie presumption of validity and, in so doing, substituted its own judgement for that of the Planning & Zoning Commission.

3. The trial court erred in failing to rule in a manner that prevented a nonuniform application of the City of Natchitoches' zoning ordinances vis-á-vis Hobby Lobby on the one hand versus Appellant on the other, which is a fortiori arbitrary and capricious.

*Arguments Presented in Brief*

Appellant's primary argument is that the testimony of the neighbors at the City Council meeting and the district court's written reasons focus on drainage, which was not at issue at this stage of the property development as appellant simply sought to subdivide his property into two lots. Thus, a drainage plan was not yet required. Therefore, the City Council's reversal constituted an arbitrary and capricious action.

Appellant further noted and highlighted these particular points of testimony of Shontrell Roque the director of the Commission, as follows:

• The application was actually in compliance with the City of Natchitoches subdivision ordinance...

• So being that the lot or the application is just for a subdivision he was approved based upon the subdivisions ordinance in reference to what's required for a subdivision. Had this actually been a subdivision development then his plans would have included plans for drainage,

2

curb, and gutter and utilities. But, Mr. Braddox is only asking for subdivision to carve out three parcels of land.

• Again, he is not requesting an entire development right now. The only thing that he is requesting is to cut up three parcels of land from his 17 acres, not for a full development. Before the development has taken place, he must meet the requirements that have been proposed in the storm water code of ordinances.

Appellant argues that zoning board decisions are entitled to a prima facie presumption of validity, and absent a finding that the zoning board acted arbitrarily, capriciously, or with any calculated or prejudicial lack of discretion, a zoning board decision will stand, even when the decision is a debatable one. Appellant further agrues that a reviewing district court is not entitled to substitute its judgment for that of the zoning board; rather, the district court's charge is to determine whether the zoning commission acted arbitrarily, capriciously, or with any calculated or prejudicial lack of discretion. As applied to the case at bar, given this particular application was not one in which a zoning variance or a change in zoning was requested, Appellant argues it was appropriate for the district court to reinstate the lawful decision of the zoning board as it regarded Appellant's use of right (i.e., a simple subdivision of his land into various parcels).

Additionally, Appellant argues that it has not been afforded the same due process that Hobby Lobby and Brookshire's have been afforded in the adjacent area contiguous to Appellant's property. In its brief, Appellant asserts "that it should have been given the opportunity to proceed through each and every phase of the Code of Ordinances which would not require Appellant to submit drainage plans, curb, and gutter and utility plans, inter alia, until the Masterplan Stage, as related in the quoted material from" the Director of the Commission.

3

On the other hand, the City, through the City Council, defends its ruling relying on La.R.S. 33:101.1, which provides that the act of approving or disapproving a subdivision plat is a legislative function involving the exercise of legislative discretion.

The City of Natchitoches further contends because the subject property is in a flood zone, the testimony of the residents of adjacent properties shows a legitimate public concern the construction that would ensue with Appellant's permit would exacerbate the already pervasive flooding issues experienced by the area. The Natchitoches City Council further buttresses its argument and decision citing Chapter 13.1 of the Natchitoches Code of Ordinances pertaining to Flood Damage Prevention.

As to Appellant's arguments regarding the differing treatment of the City Council regarding Hobby Lobby's construction, the City of Natchitoches contends that Hobby Lobby presented a plan ameliorate the flooding issues its construction would cause. For example, Hobby Lobby's design included a detention pond and their own drainage system. Appellee simply asked that Appellant present some sort of zero impact plan regarding flooding if it wished to develop the property into a subdivision.

## STANDARD OF REVIEW

"A challenge to a zoning decision in Louisiana is a *de novo* proceeding in which the issue is whether the result of the legislation is arbitrary and capricious and is therefore a taking of property without due process of law." *Racetrac Petroleum, Inc. v. City of Shreveport*, 45,120, p. 8 (La.App. 2 Cir. 7/21/10), 44 So.3d 800, 805; *Palermo Land Co. v. Planning Commission of Calcasieu Parish*, 561 So.2d 482 (La. 1990); U.S. Const. amend. XIV.

4

First, the record reflects there is no dispute, as both parties agree that Appellant's property at issue is within the flood zone of the City of Natchitoches.

The extensive testimony adduced at the City Council's public meeting indicates that the neighborhood in which Appellant's property is located experiences significant periodic flooding. Thus, the Commission's approval of the property subdivision without addressing flooding concerns was inappropriate. Appellant's primary argument is that a drainage report was not required at this phase of development; therefore, the City Council's decision violated its right-of-use and was arbitrary and capricious.

As to this court's review, there are pertinent legislative ordinances contained in the Natchitoches Code of Ordinances and Natchitoches Parish Code of Ordinances.

Chapter 13.1-3 of the Natchitoches Code of Ordinances, pertaining to Flood Damage Prevention, reads in pertinent part:

> It is the purpose of this chapter is [sic] to promote the public health, safety[,] and general welfare and to minimize public and private losses due to flood condition in specific areas by provisions designed to:
>
> (1) Protect human life and health;
>
> (2) Minimize expenditure of public money for costly flood control projects;
>
> (3) Minimize the need for rescue and relief efforts associated with flooding and generally undertaken at the expense of the general public;
>
> (4) Minimize prolonged business interruptions;
>
> (5) Minimize damage to public facilities and utilities such as water and gas mains, electric, telephone[,] and sewer lines, streets and bridges located in floodplains;

(6) Help maintain a stable tax base by providing for the sound use and development of flood prone areas in such a manner as to minimize future flood blight areas; and

(7) Insure that potential buyers are notified that property is in a flood area.

Additionally, Natchitoches Parish Code of Ordinances, Chapter 12-SUBDIVISIONS, Section 120-5, contains particular procedural protocol for preliminary subdivision plans, such as the one Appellant proposes, before being accepted by the Commission, including certain statements as to drainage and sewage, as follows *(emphasis added)*:

> Sec. 120-5. – Procedures.
>
> (a) The planning commission (city and parish) will use the following procedures for the purpose of **reviewing and approving the development of subdivisions** within the area and as a step toward sound planning in the development of the City and Parish of Natchitoches.
>
> (b) **Composition of the preliminary plan.** The following items normally will be required to be shown on the preliminary plat:
>
> 5. **Sewers, water lines and drainage ditches.** Existing drainage ditches, sanitary and storm sewers, water mains, culverts, and other underground structures withing the tract or immediately adjacent; **statement of proposed plans for drainage and sewage disposal,** including location of proposed culverts, bridges, and contours from USGS Quadrangle Maps or better, and first floor elevation requirements.

A review of Appellant's application and preliminary subdivision plat in conjunction with these pertinent legislative ordinances demonstrates a legitimate public concern by the general public, and thus the council, that the construction that would ensue with Appellant's permit would exacerbate the already pervasive flooding issues experienced by the area. We agree with the district court's analysis and findings as to the issue of whether drainage and sewage reports were required

with Appellant's application, which reasons states, as follows:

> Upon review of the subject application and the preliminary subdivision plat, none of the subpart 5 requirements [of the Natchitoches Parish Code of Ordinances for subdivisions] are shown. It is noted that the "sewers, water lines[,] and drainage ditches" items are "normally" required to be shown on a preliminary plat and that some may not apply, but in the instance, none of the existing city and district drainage ditches and drains "within the tract or immediately adjacent" discussed at the city council hearing are located on the plat. Further, there is no "statement of proposed plans for drainage and sewage disposal" indicated in the application. Further, this ordinance does not state an exception that such a drainage and sewage statement is required only for approval of preliminary *construction* plans, but any "preliminary plat" submitted for "the development of subdivisions." Given that (1) the subject tract is in a flood zone with known serious periodic flooding, (2) this is the second attempt of B&A Holdings to subdivide the tract over the objections of local residents due to that flooding, (3) B&A Holdings intends to sell or develop nearly 31,420 square feet of residential property, it is not unreasonable that the City Council considered in its decision this lack of attention to subsection (b)(5) in the B&A Holdings application.
> (Second alteration in original.)

Further, the jurisprudence supports the district court's findings, as courts have found that legitimate public concerns can provide a reasonable basis for a municipal council's denial of right-of-use applications. In *Willow, Inc. v. The Jefferson Parish Council*, 05-754 (La.App. 5 Cir. 4/25/06), 928 So. 2d 756, *writ denied*, 06-1596 (La. 9/26/06), 928 So.2d 756, *writ denied,* 06-1596 (La. 9/29/06), 937 So.2d 869, the court found that overlapping utility and drainage servitudes that remained on the property raised a "legitimate safety concerns[,]" and thus the council's decision to deny the proposal was not arbitrary and capricious. In the case of *Bourbon Country Estates, Inc. v. St James Parish*, 611 So.2d 180 (La. App. 5 Cir.1992), *writ denied*, 613 So.2d 997 (La.1993), that court found that regulations required execution of a written declaration by all owners of the lots in the plat in order to vacate any part of the plat, and that had not been obtained.

Because there was no proposed use for the land, the district court found that it was impossible for the council to evaluate the proposal under the applicable regulations. Accordingly, the district court found that the City Council's decision

was not arbitrary and capricious. In *Lighthouse RV Park, LLC v. St. John the Baptist Parish Counsel*, 12-149 (La. App. 5 Cir. 9/11/12) 101 So.3d 448, in addition to public opposition to the application to subdivide a plot of land located in a Coastal High Hazard area for development of a recreational RV park, the director of planning and zoning for the parish expressed disapproval because the plan failed to comply with the national flood insurance program. In *Cerruti v. Parish of Jefferson*, 94-608 (La.App. 5 Cir. 11/18/95), 650 So. 2d 315, 316, it was established that the application for resubdivision did not meet the "neighborhood norm." Opposition was also expressed by neighboring landowners for the reasons of "maintaining property values, reducing congestion and maintaining the expectations of the owners who purchased the large lots believing nearby lots would not [be] chopped up into smaller, less attractive spaces. *Id.* at 319.

Additionally, it appears that Appellant, in seeking to subdivide only portions of the 17.5 acres, is attempting a "second bite at the apple" in an effort to circumvent the required drainage report.

A review of the record shows, as found by the district court that the views and personal experiences expressed by the immediately adjourning residents showed a legitimate public concern as to the present flooding problem in this area, and the very plausible exacerbation of that flooding, based not only on the construction of Appellant's proposed subdivision, but also the city's need and policy to resolve the identified existing problem causing the flooding in this neighborhood and area. We find the City Council's denial was well founded and reasonable as it was related directly to the public safety, health, or general welfare of the Ledet-Katelyn-Culbertson neighborhoods; thus, rendering its decision was not arbitrary and capricious and met its strict scrutiny burden. Therefore, we find these assignments of error by Appellant to be without merit.

8

*Appellant's Claim of Prematurity.*

Finally, Appellant argues the City Council's denial of its proposed subdivision was premature, citing Article X of the Stormwater Code of the City of Natchitoches, as well as the testimony of the Staff Director of the Commission.

Appellant argued that Ms. Roque was correct when she addressed this issue at the Commission's meeting, reciting Article X, and stating:

> In order for him to be able to build, he is going to have to provide us the drainage design requirements. He is going to have to meet those requirements. He is going to have to present a drainage report and storm water storage facilities. In the drainage report, this report is prepared by a certified civil engineer, registered as a professional engineer in Louisiana. Shall be submitted and approved by the public works director prior to the construction of certain projects.

However, a full reading of Article X, specifically under subsection (a), part 4, shows that there is an exception for a single-family residential structure. Therefore, and as aptly noted by a council member, if Appellant would build single family homes, pursuant to its subdivision proposal, then it would not have to ever provide a drainage design report as required in the ordinances.

Additionally, no evidence was presented to the City Council as to what authority commands this alternative drainage report, what further details this lower standard of drainage report would require, and whether the Ledet-Katelyn-Culbertson residents would be advised of it or have a voice in that approval process.

Therefore, we find the record contains sufficient evidence to support the district court's finding that Article X is not applicable in this case. Specifically, in considering that Appellant's proposal is for the subdivision of two residential lots, and Appellant's failure to provide a drainage design report, as required for preliminary subdivision plans, pursuant to Natchitoches Parish Code of Ordinances, Chapter 12- SUBDIVISIONS, Section 120-5, as cited above. Thus, we find Appellant's argument and this assignment of error to be without merit.

9

In summary, we find the district court correctly found that the City Council was not arbitrary and capricious and was within its discretion in reversing the decision of the Planning and Zoning Commission to allow Appellant to subdivide his property as proposed. The district court correctly found, pursuant to the Natchitoches Parish Code of Ordinances, that there are particular procedural protocols for preliminary subdivision plans such as Appellant's proposal applicable prior to being accepted by the Commission, including the requirements regarding drainage and sewage. Therefore, we find the district court was not erroneous in affirming the City Council's reversal.

## **DECREE**

For the reasons stated above, the district court's judgment affirming the reversal of the Natchitoches Planning and Zoning Commission by the City Council is affirmed. The costs of this appeal are assessed to Appellant, B & A Holdings, LLC.

**AFFIRMED.**